### 45677.  FAMILY DOLLAR STORES, INC. v. BROWN.

BELL, Chief Judge. This appeal is from the denial of defendant's motion for summary judgment. The plaintiff sued for injuries sustained when she fell while walking from defendant's store down a gradually sloping, ramp type concrete walkway running from the outside of defendant's store to its parking lot. The plaintiff had just previously entered defendant's store on the same ramp. She testified that when entering and exiting on the ramp she observed no water, grease, soil or other foreign substances on the ramp; that as she was not looking down at her feet when traversing the ramp, she did not see any depression in the rampway; she was wearing sandals with a "small" heel. After her fall and when she had recovered from her injuries, she returned to the defendant's store and noticed that in the area where she fell the concrete was "uneven"; and that this unevenness is clearly visible if one was looking down at his feet. She testified that her fall occurred at about 1:30 p. m. on a "sunshiny" day, and that there was nothing present to obstruct her view. Immediately following her fall, plaintiff's husband came to her aid and he also testified that the weather was clear and dry and also he saw no water or foreign substance of any kind on the ramp. *Held:*

Plaintiff urges that *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527) sustains the ruling of the trial court denying defendant's motion for summary judgment. The *Chotas* case dealt with injuries resulting from *defects* which, though patent, were not readily apparent even on close observation, and held whether the failure to look constituted lack of ordinary care on plaintiff's part was a jury question. Here, the proof is defective not because of the lack of ordinary care on plaintiff's part but because there is no evidence that defendant was negligent. The evidence of the description of the walkway at best shows only a slight deviation or unevenness in the level of the floor. A slight deviation in the level of a floor or walkway is not usually in and of itself negligent construction. *Pilgreen v. Hanson,* 89 Ga. App. 703, 709 (81 SE2d 18). The description of the ramp from the evidence does not suggest that the unevenness of the con-

crete floor constituted a trap or pitfall. To the contrary, the evidence shows the rampway here to be a commonplace thing provided by ordinarily prudent owners and occupiers of land for their invitees to enter and exit. See *Mitchell Motors, Inc. v. Tatum,* 120 Ga. App. 689 (172 SE2d 187). The defendant sustained its burden by showing the absence of a genuine issue of material fact. It is entitled to judgment as a matter of law. The judgment denying the motion for summary judgment is reversed with direction that judgment be entered for defendant.

*Judgment reversed with direction. Quillian and Whitman, JJ., concur.*

Argued October 1, 1970—Decided February 19, 1971.

*Pittman, Kinney, Kemp, Pickell & Avrett, H. E. Kinney,* for appellant.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips,* for appellee.