## 59123. LUMBUS v. D. L. CLABORN BUICK-OPEL, INC.

ARGUED JANUARY 10, 1980 — DECIDED FEBRUARY 22, 1980 — REHEARING DENIED MARCH 11, 1980.

*Charles J. Driebe,* for appellant.
*John M. Bovis, John G. Haubenreich,* for appellee.

DEEN, Chief Judge.
In this slip-and-fall case no negligence is alleged, and no inference of negligence can arise, resulting from any act of the defendant unless it is the construction of the incline between the service area and the outside ground level. Pictures attached to the motion for summary judgment show a standard, non-defective, concrete construction with no great change in the levels of the two planes. Such construction has frequently been held not to be negligent. *Family Dollar Stores v. Brown,* 123 Ga. App. 359 (181 SE2d 100) (1971); *Lamberson v. Norris,* 135 Ga. App. 647 (2) (218 SE2d 658) (1975); *Mitchell Motors v. Tatum,* 120 Ga. App. 689 (172 SE2d 187) (1969); *Lewis v. Drake,* 116 Ga. App. 581 (158 SE2d 266) (1967); *Cash &*

*Save Drugs v. Drew,* 124 Ga. App. 721 (185 SE2d 786) (1921); *Executive Committee of Baptist Convention v. Wardlaw,* 180 Ga. 148 (178 SE 155) (1934) et cit. A change in floor level *combined with* other factors which in their totality cause the injury and are chargeable to the defendant may together cause actionable negligence, as in *Butts v. Academy of Beauty,* 117 Ga. App. 222 (160 SE2d 222) (1968) where the plaintiff did not see the step down because her attention was distracted by an employee of the defendant; *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527) (1966) where the alleged defect was a perforated mat in the exit area in which the plaintiff's heel was caught. The appellant also cites *Pilgreen v. Hanson,* 89 Ga. App. 703 (81 SE2d 18) (1954), which well expresses the rule that a number of factors chargeable to the defendant, none of which in and of itself reaches the negligence threshold, may in their totality make a jury question on whether a defect results which should have been foreseen by the owner or occupier of the premises as posing a hazard to an invitee thereon. In *Pilgreen* there was a step-down in a restaurant combined with a highly polished floor, a very low light level, and distractions, all of which combined to prevent the plaintiff from realizing the potential danger. In the present case the only other distracting element (a horn blowing, an engine starting) is not chargeable to the defendant. Since as a matter of law no negligence appears the grant of the summary judgment was proper.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*