## 62793. TOLLIVER v. HOLLINGSWORTH.

CARLEY, Judge.

Plaintiff-appellant Tolliver brought suit against defendant-appellee Hollingsworth for injuries sustained as the result of her slip and fall while exiting appellee's restaurant. Appellant's complaint merely averred that "[appellee] was negligent and the negligence of [appellee] was the proximate cause of the injuries and damages to [appellant]." Appellee answered denying the material allegations of the complaint and asserting, in essence, that the injuries incurred by appellant were the result of her own negligence. Following discovery, appellee moved for summary judgment based upon the entire record in the case including the depositions of appellant and appellant's husband. Appellant appeals from the order of the trial court granting summary judgment in favor of appellee.

In her deposition, appellant testified as follows: She and her husband had eaten at appellee's restaurant on two or three previous occasions when traveling to and from their home in Florida. Following breakfast on the morning in question, she exited by way of the front door of the restaurant, stepped onto the paved asphalt, and slipped and fell. She does not know what caused her to fall and noticed nothing unusual about the pavement other than that "it was slick." The only foreign substance observed in the immediate area of the fall was "a little bit of sand." However, appellant does not believe she stepped in the sand or that the sand caused the fall. The area in which the fall occurred was fully lighted and appellant's vision was not obstructed or impaired. While the pavement immediately in front of the doorway is sloped in a downward direction away from the

door, appellant testified that she was aware of this incline, that it was not unusually steep, and that this area in front of the door was the same as on her previous visits to the restaurant.

Appellant's husband testified that he saw her fall but that he does not know the cause of the fall. He described the area in front of the door as a "mild, slight slope" and as "looking the same" as on previous visits to the restaurant.

Construing the evidence in the instant case in the light most favorable to appellant as respondent, summary judgment in favor of appellee was demanded. The testimony of both appellant and her husband shows only that appellant slipped and fell. Appellant's mere assertion that the area from which she exited was on a slight but not unusual incline is not sufficient to create an issue of fact as to negligent construction. See *Family Dollar Stores, Inc. v. Brown,* 123 Ga. App. 359 (181 SE2d 100) (1971); *Lamberson v. Norris,* 135 Ga. App. 647 (218 SE2d 658) (1975). Moreover, even assuming that such incline was a defect, appellant testified that she was aware of the incline from her previous visits to the restaurant. See *Pound v. Augusta National,* 158 Ga. App. 166 (279 SE2d 342) (1981). While appellant averred that the asphalt was slippery, she presented no evidence of any foreign substance thereon or any defect in the condition of the pavement. See *Alterman Foods, Inc. v. Ligon,* 246 Ga. 620 (272 SE2d 327) (1980).

Thus, appellant by her own testimony has negated the essential elements in this type of case, to wit: (1) The existence of a defect, and (2) the defendant's awareness of such defect, either actual or constructive. *Food Fair v. Mock,* 129 Ga. App. 421, 423 (199 SE2d 820) (1973); Accord, *McGrew v. S. S. Kresge Co.,* 140 Ga. App. 149 (2) (230 SE2d 119) (1976). "There is no evidence that [appellee or his agents] were guilty of any negligence. Indeed the record affirmatively shows the absence of any negligence by [appellee or his agents]. The evidence simply shows that [appellant fell while exiting appellee's store]. This is insufficient. [Cit.]" *Food Fair v. Mock,* supra at 423-424. "No negligence appears on the part of [appellee] and the grant of summary judgment was proper." *Hammonds v. Jackson,* 132 Ga. App. 528 (2) (208 SE2d 366) (1974); *Smith v. Shuman,* 135 Ga. App. 594 (218 SE2d 304) (1975).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1982—
REHEARING DENIED JANUARY 29, 1982— ■

*Ben Lancaster,* for appellant.

*J. Clinton Sumner, Jr., James P. Orr,* for appellee.