75011. CHISHOLM v. FULTON SUPPLY COMPANY.
(361 SE2d 540)

BIRDSONG, Chief Judge.

Willie B. Chisholm brings this appeal from the grant of summary judgment to appellee, Fulton Supply Company. Chisholm entered the business premises of Fulton Supply to purchase duct tape, and as he was leaving the building he slipped and fell on the stairs. He was hospitalized and an operation was required. Fulton Supply's insurer paid $1,000 to Chisholm in medical benefits. Thereafter, Chisholm wrote to Winship Leadingham, the President of Fulton Supply, demanding $35,000. The insurance adjustor discussed the case with appellant and forwarded him a check for $2,700, marked "any and all claims against Fulton Supply Company." Chisholm cashed the check and filed this action. Fulton Supply's motion for summary judgment was granted on the issues of negligence as well as accord and satisfaction.

Chisholm appeals. *Held*:

1. Appellant contends there is a genuine issue of material fact "as to the existence of a defect in the steps, the defendant's superior knowledge of same and the defect as proximate cause of plaintiff Chisholm's injuries." Leadingham's deposition testimony established that this building was constructed in 1922. The entrance way has two doors which swing outward. The entrance is 8 feet and 8 inches in width. From the door to the first step is 14 inches. There are seven steps, and each is 5.75 inches high, and from the front to the back is 11.75 inches — including the front nosing. The steps are made of clay tile. There were no broken, chipped, cracked or uneven tiles. Handrails are installed on each side of the steps. A janitor has a regular routine of sweeping the steps and seeing that they are kept in good condition. Leadingham has been employed at Fulton Supply since 1961 and he had never before heard of anyone slipping, falling, or having any trouble walking up or down these steps.

Chisholm was deposed and could give no reason for his fall. He was asked: "Q. . . . What caused you to fall? A. That's the question. That is the question. Q. I'm looking for an answer. . . . A. They didn't find nothing [sic] down there when I fell. Q. You don't know what you fell on? A. No." Appellant argues that the steps' "design does not conform with the Rules of the Georgia Safety Fire Commissioner adopted by the City of Atlanta in its Building Code," hence appellant's "fall was caused by the defendant's failure to keep the premises safe and more particularly a defect in the steps." Counsel claims "[t]he steps in the instant case are defectively constructed. . . . The defect in the steps is that the risers and treads are not properly proportioned." The only evidence in support of the claim of defective construction is the Atlanta Building Code, which was adopted by the City Council on March 10, 1983, and approved by the Mayor on March 11, 1983. The building was constructed in 1922. Reliance upon a slight deviation in the height of the risers (shown to be a valid non-conforming use) is the barest of speculation. There is no evidence by Mr. Chisholm that a slightly higher step caused his fall. In fact he clearly stated he did not know what caused his fall. Nor was there any evidence of an expert nature that the non-conformance of size was more likely to cause a fall. In short, the evidence of the slightly higher step is a non-sequitur and, without evidence of a causal connection, irrelevant.

The owner or occupier of land is under a duty to invitees to keep the premises and approaches safe. An invitee must also exercise ordinary care for his own safety. *McGrew v. S.S. Kresge Co.*, 140 Ga. App. 149, 151 (230 SE2d 119). Thus, "there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care." *Georgia Farmers' Market Auth. v. Dabbs*,

150 Ga. App. 15, 16 (256 SE2d 613). The true basis for liability of a proprietor to an invitee is the superior knowledge of the proprietor of a condition that may subject the invitee to an unreasonable risk of harm. *Sutton v. Sutton*, 145 Ga. App. 22, 25 (243 SE2d 310). However, a proprietor is not an insurer of an invitee's safety, and is not liable for injuries resulting from a condition which is readily observable and which should have been seen and appreciated by the invitee before he exposed himself to it, and under such circumstances there is no duty to warn because the invitee has the information which would be conveyed by a warning. *Hammonds v. Jackson*, 132 Ga. App. 528, 531 (208 SE2d 366). Appellant had been a customer of appellee for months, and had entered and used these stairs to make his purchase before he slipped and fell while leaving on this occasion. His knowledge as to the "risers and treads" of the stairs was equal to that of the proprietor.

" '[P]roof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.' [Cit.] To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327).

Appellant's allegations as to a defect in the steps because of their construction is not supported by Atlanta's adoption of its Building Code in 1983 where the building was built in 1922. The stairs were "legal as a nonconforming use." *Ray v. Gallant-Belk Co.*, 147 Ga. App. 580, 581 (249 SE2d 635). Appellee having shown a valid nonconforming use, the trial court did not err in granting summary judgment. *Garnett v. Mathison*, 179 Ga. App. 242 (1) (345 SE2d 919).

2. As the trial court properly granted summary judgment to defendant, any issue as to an accord and satisfaction is moot.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1987.

*Joel I. Liss*, for appellant.
*Albert J. DeCusati, M. David Merritt*, for appellee.