## A89A0543. FOWLER v. CAMPBELL.

(383 SE2d 163)

BANKE, Presiding Judge.

This is an appeal from a summary judgment for the defendant in a "slip and fall" case. The plaintiff fell and was injured while ascending some stairs on the defendant's premises leading to a parking lot. He contends that the stairs were inherently dangerous because of a variation in the height of the steps.

The stairway was constructed in the 1940's. It consisted of only four steps, the first two of which were each approximately six and one-half inches high, the third of which was approximately eight inches high, and the uppermost of which was no more than three inches high. In 1967, the steps were resurfaced, and a steel handrail was installed; however, the respective height of the steps was not altered by these improvements.

The defendant's store manager testified that he had been employed at the store since 1959 and that he had no knowledge of any prior incident involving a fall on the steps in question. In addition, the defendant submitted the affidavit of the Building and Zoning Inspector for the City of Covington, who averred that no building ordinance had been in effect at the time the stairway was built and that the improvements made to the steps in 1967 had not violated any building ordinance in effect at that time. The plaintiff countered with expert opinion evidence to the effect that the stairs were not in conformity with the Southern Standard Building Code. The plaintiff's expert further averred that, in his professional opinion, it was the difference between the heights of the second and third risers which had caused the plaintiff's fall. *Held*:

1. A proprietor owes a duty to invitees to keep the approaches and premises in a safe condition. OCGA § 51-3-1. The basis of a proprietor's liability for injuries to an invitee resulting from a defective or hazardous condition existing on the premises is the proprietor's superior knowledge of the condition and of the potential for injury created by it. See, e.g., *Cook v. Arrington*, 183 Ga. App. 384 (358 SE2d 869) (1987). A proprietor is not an insurer of an invitee's safety, and an invitee is expected to exercise care for his own safety; however, "an invitee is not obliged to inspect the premises to discover latent defects nor even to observe patent defects." *Amear v. Hall*, 164 Ga. App. 163, 167 (296 SE2d 611) (1982). " 'Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law. . . . [Cits.]' " *Herrington v. Stone Mtn. Memorial Assn.*, 119 Ga. App. 658, 661 (168 SE2d 633) (1969).

The defendant in this case certainly has not negated the allega-

tion that it had superior knowledge that the steps were of uneven height. However, we nevertheless conclude that the trial court acted properly in granting the defendant's motion for summary judgment, due to the absence of any allegation or testimony by the plaintiff that it was the uneven height of the steps which had caused him to fall, rather than some factor unconnected with the existence of this alleged defect. Under the circumstances, the opinion of his expert in this regard has no probative value since there is no indication that the expert had witnessed the fall or was otherwise personally familiar with where or how it had occurred. We must accordingly treat this as a case in which the fall occurred "for an unexplained reason." *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987).

"' "To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." ' " *McGauley v. Piggly-Wiggly Southern*, 170 Ga. App. 851, 852 (319 SE2d 15) (1984). Accord *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). In the absence of any allegation or probative evidence indicating that the fall would not have occurred but for the existence of the alleged defect, we hold that the trial court did not err in concluding that no issue of fact existed in the case for resolution by a jury. Accord *Chisholm v. Fulton Supply Co.*, 184 Ga. App. 378 (361 SE2d 540) (1987).

2. In view of the foregoing, we find it unnecessary to address the plaintiff's contention that the building inspector's affidavit had no probative value on the issue of whether variation in the height of the steps constituted a building code violation. Cf. *Chisholm*, supra.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 30, 1989 —
REHEARING DENIED JUNE 9, 1989 — ▮

*Siler & Jonap, D. Jeffrey Grate*, for appellant.
*Samuel D. Ozburn*, for appellee.