## A92A0844. BARLOW et al. v. BRANT et al.
### (425 SE2d 309)

POPE, Judge.

Plaintiffs Patricia L. and Billy D. Brant filed a complaint in negligence against defendants James E. Barlow, Sr. and Thomas J. Sanders, Sr. for injuries allegedly sustained when Mrs. Brant slipped and fell on the premises of a shopping center owned by defendants. Mrs. Brant fell near the entrance to a grocery store on a sidewalk which runs in front of the various businesses in the shopping center. Plaintiffs allege the concrete which forms the sidewalk was finished improperly for use by pedestrians in that it was given a smooth finish which becomes slippery when wet instead of a brush finish which would have provided traction for pedestrian use. According to plaintiffs, the sidewalk was wet from rain at the time she fell; creating a dangerous condition. Plaintiffs allege their injuries were proximately caused by the defendants' defective construction of the sidewalk, their negligent failure to warn of the dangerous condition of the sidewalk and failure to exercise ordinary care in keeping the premises and approaches safe. Defendants' motion for summary judgment was denied and they appeal.

1. Defendants argue that because they lease the premises to the corporation which operates the grocery store, their liability to plaintiffs, if any, is limited to that imposed upon landlords pursuant to OCGA § 44-7-14. Said statute provides that a landlord is not liable to third parties for negligent use of the premises by the tenant if the landlord has "fully parted with possession and the right of possession [of the premises]. . . ." In that event, the landlord remains "responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." Defendants assume the facts show the threshold requirement that they fully parted with possession of the premises. They focus their argument on the fact that they did not actually construct the sidewalk or direct its construction and did not have actual or constructive knowledge of the alleged defect and thus cannot be held liable. See *Ross v. Jackson*, 123 Ga. 657 (51 SE 578) (1905); *National Distrib. Co. v. Ga. Industrial Realty Co.*, 106 Ga. App. 475 (127 SE2d 303) (1962); *Dobbs v. Noble*, 55 Ga. App. 201, 203 (3) (189 SE 694) (1937).

The evidence, however, does not establish as a matter of law that defendants "fully parted with possession and the right of possession" of the sidewalk in front of the leased grocery store. The written lease grants the corporation which operates the grocery store the right of

possession to a certain number of square feet in the shopping center for operating a store. The lease expressly stipulates that defendants, the lessors, are responsible for "maintaining, cleaning, repairing and replacing the . . . sidewalks, and other common areas" and for providing liability insurance coverage for the common areas. The undisputed facts show the location at which Mrs. Brant was allegedly injured was on the common sidewalk which spanned the length of the shopping center. Thus, the facts do not establish as a matter of law that defendants are landlords who are entitled to summary judgment pursuant to OCGA § 44-7-14.

2. Defendants argue that even if the facts show them to be not merely landlords who have relinquished their right of possession of the premises but, instead, owners and occupiers of the premises whose liability to plaintiffs is governed by OCGA § 51-3-1, they are entitled to summary judgment because the undisputed facts show they lacked actual or constructive knowledge of the allegedly defective condition of the sidewalk. Defendants rely upon this court's recent opinion in *Barksdale v. Nuwar*, 203 Ga. App. 184 (416 SE2d 546) (1992), in which we affirmed the grant of summary judgment to a homeowner sued by an invitee who was injured when the patio deck at the rear of the house which had been built for the owner fell off the side of the house. In *Barksdale*, the owner testified he inspected the deck before accepting the house and noticed nothing wrong with it. The building inspector who testified that the deck was defectively constructed nevertheless "conceded that 'it would appear to the average untrained eye to be an acceptable deck.' " Id. at 184-185. Because the owner thus showed that he had no actual or constructive knowledge of the defect by demonstrating he was incapable of discovering it by means of reasonable inspection, we concluded the owner had "established as a matter of law that he discharged the duty of ordinary care owed to the invitee." Id. at 186.

In the case at hand, however, it is apparent from the testimony of record that reasonable minds could differ concerning whether it was apparent from looking at the sidewalk that it was given a finish that was too slick for pedestrian use. Unlike the facts in *Barksdale*, the record contains no evidence to establish as a matter of law that defendants could not by reasonable inspection have discovered the alleged defect in the condition of the sidewalk.

Defendants argue that even if the alleged defective condition of the sidewalk was discoverable by them, it was also discoverable by Mrs. Brant, who testified she had shopped at the grocery store as many as ten times prior to the date of her fall. Thus, relying upon *Chisholm v. Fulton Supply Co.*, 184 Ga. App. 378 (361 SE2d 540) (1987), defendants argue they are relieved of liability to plaintiffs because Mrs. Brant had equal knowledge of the condition of the side-

walk. In *Chisholm*, the plaintiff alleged his injuries were caused by a defect in the height of the risers of the steps to the defendant's store. Because the evidence showed the plaintiff had been a customer of the store prior to the date of his injuries, we ruled the defendant was not "liable for injuries resulting from a condition which is readily observable and which should have been seen and appreciated by the [plaintiff] before he exposed himself to it, and under such circumstances there is no duty to warn because the invitee has the information which would be conveyed by a warning." Id. at 380. The plaintiff in this case, however, testified she did not recall shopping at the grocery store at a time when it was raining. "An occupier of premises is under a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. Prosser, Law of Torts (4th ed.) 393, § 61. An invitee enters upon the premises under an implied representation, or assurance, that the land has been prepared and made ready and safe for his reception. The invitee is entitled to expect the possessor will exercise reasonable care to make the land safe for his entry. 2 Restatement of Torts 216, § 343. It is this implied representation that is made to the public, by holding the land open to them, that it has been prepared for their reception, that it is safe, that is the basis for the possessor's liability. Prosser, Law of Torts (4th ed.) 389, § 61." *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984). The facts of the case at hand do not establish as a matter of law that Mrs. Brant had knowledge equal to that which the defendants had or should have had concerning the condition of the sidewalk when wet. Thus, the trial court did not err in denying defendants' motion for summary judgment.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 28, 1992 —
RECONSIDERATION DENIED NOVEMBER 18, 1992.

*Long, Weinberg, Ansley & Wheeler, Alan L. Newman, John K. Train IV*, for appellants.
*Michael B. Perry, Morgan M. Robertson*, for appellees.