A92A1883. KING v. CRAIN-DALY VOLKSWAGEN, INC.
(428 SE2d 586)

BLACKBURN, Judge.

The appellant, Richard King, brought an action based upon conversion against the appellee, Crain-Daly Volkswagen, Inc., an automobile dealership. The appellee answered and asserted several defenses, including an allegation that the automobile was lawfully seized pursuant to the terms and conditions of the sale of the automobile. After

discovery was commenced, the appellee moved the court for summary judgment. The trial court granted the appellee's motion for summary judgment from which King appeals.

The record reveals that on October 18, 1990, appellant completed a credit application for the purchase of a 1991 Subaru Loyale and further negotiated with the appellee car dealership in late October and early November 1990, for the purchase of the automobile. During negotiations, the appellee requested that the appellant provide financial information of his income in connection with the proposed transaction. As a result of the negotiations between the parties, the appellee agreed to sell appellant the car and the appellee agreed to accept as consideration for the sale a note, a trade of appellant's 1987 Isuzu automobile and cash in the amount of $1,821.32. On December 13, 1990, the appellant executed a retail installment contract for the purchase of the automobile as well as a bailment agreement. The bailment agreement provided that the delivery of the vehicle was made as a "convenience" to the buyer and was "subject to all terms and conditions" in the sales agreement, pending credit approval of the buyer by a financing institution and completion of the sales transaction. The bailment agreement further provided that "the vehicle shall remain the property of the Dealer."

The appellee subsequently requested additional documentation from the appellant, including a copy of his driver's license, a list of references, and more information supporting his income allegation. It is undisputed that the appellant was informed by the appellee that the dealership was experiencing difficulties assigning the note to a financial institution and if he could not substantiate his income statement by his 1989 tax return or other information, appellee would retrieve the car. However, the appellant did not submit additional information verifying his income and the Subaru was later seized on behalf of the appellee on January 25, 1991. This action for conversion ensued.

In his sole enumeration of error, the appellant contends that the lower court erred in granting the appellee's motion for summary judgment when genuine issues of fact remained to be decided.

"On a motion for summary judgment under OCGA § 9-11-56 the party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. [Cit.] This is so even when, as in the instant case, the movant is the party on whom the burden of proof at trial does not lie: all the evidence must be construed against the movant and in favor of the party opposing the motion. . . . [Cit.]" *Ga. Intl. Life Ins. Co. v. Huckabee*, 175 Ga. App. 343, 345 (333 SE2d 618) (1985). " 'In reviewing the grant of a motion for summary judgment, the question before this court is whether the allegations of the pleadings have been

pierced so that no genuine issue of material fact remains.' [Cit.]" *Duke Enterprises v. Espy*, 140 Ga. App. 527, 529 (231 SE2d 522) (1976).

Conversion involves an "unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." *Southern Express Co. v. Sinclair*, 130 Ga. 372, 373 (60 SE 849) (1908). However, "the plaintiff . . . must show title, either general or special, in himself at the time of the institution of the suit, actual possession, or right of immediate possession. [Cits.]" *Livingston v. Epsten-Roberts Co.*, 50 Ga. App. 25, 27 (1) (177 SE 79) (1934). Although the appellant contends that the appellee failed to pierce the allegations of the complaint sufficient to authorize the grant of summary judgment, to the contrary, the appellee has shown that the appellant did not have a right to possession of the automobile and the title of the automobile remained with the appellee. The vehicle was delivered to the appellant merely for convenience but subject to the terms and conditions of the sales agreement, pending credit approval by a financing institution and completion of the sales transaction. The appellee never transferred title to the appellant and therefore an essential element of the appellant's conversion claim was missing. Construing the evidence in the light most favorable to the appellant, we hold that the trial court properly granted the appellee's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1993 —
RECONSIDERATION DENIED MARCH 3, 1993.

*Rubin & Wildau, Martin H. Rubin*, for appellant.
*Schwall & Ruff, Emory A. Schwall, Craig L. Schwall*, for appellee.