### A93A0643. CAVEN v. WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC.

(434 SE2d 532)

Pope, Chief Judge.

Plaintiff/appellant Jill Caven brought this action against defendant/appellee Warehouse Home Furnishings Distributors, Inc., d/b/a Farmers Furniture, seeking to recover damages for personal injuries she received when she slipped and fell on the sidewalk adjacent to defendant's Warner Robins store. The trial court granted defendant's motion for summary judgment, and plaintiff appeals.

Plaintiff argues the trial court improperly shifted the burden of proof in granting summary judgment to defendant. " 'To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. (Cit.) A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).' *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)." *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165 (1) (424 SE2d 845) (1992).

Plaintiff testified via deposition that she went to defendant's store to look at a dinette set. It had been raining all day. Plaintiff parked her car in front of the store and walked across the concrete sidewalk in front of the store to the store entrance. She stayed in the store for about 20 or 30 minutes and then exited the store and, traversing the same path she had taken while entering the store, walked across the sidewalk towards her car. Plaintiff testified it was raining steadily at the time she left the store and she was walking "hurriedly" to get out of the rain. Plaintiff was wearing "tennis shoes" and a jogging type suit but did not have an umbrella or raincoat. According to plaintiff, her foot slipped as she started to step off the sidewalk onto the parking lot and she fell back on the sidewalk, breaking her leg

and injuring her hand. Plaintiff also testified that the reason she fell was because the concrete sidewalk was slick.

Plaintiff argues that the trial court erred in granting summary judgment to defendant in this case because the evidence showed more than that the plaintiff slipped merely because it was raining and the sidewalk was wet; rather, plaintiff contends the evidence shows she fell because the sidewalk in this case was "inherently dangerous and unreasonably slippery" because the sidewalk had been painted, at defendant's request, with concrete stain. The record shows that at the time the building was constructed the sidewalk had been coated with two coats of H & C concrete stain. The building contractor testified that the stain had been applied at the request of defendant for the purpose of covering some spots on the sidewalk, and that the particular stain he applied had been recommended by employees of the paint store where he purchased the stain after he explained his intended use for the stain.

In *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980) our Supreme Court held that a plaintiff seeking to prove a slip and fall because of slippery wax, oil or other finish placed on defendant's floor, must at a minimum, show that the defendant was negligent either in the material he used in treating the floor or in the application of the finish. See also *Edmunds v. Copeland*, 197 Ga. App. 292, 293 (398 SE2d 280) (1990). Applying that reasoning to the case at hand, plaintiff in this case must show that the finish placed on defendant's sidewalk was either unsuitable for that purpose or that the material was negligently applied to the sidewalk. Our review of the record in this case shows plaintiff offered no evidence that the concrete stain used on the sidewalk was not a proper substance to be placed on such a surface, or even that another material or finish would have been more appropriate. Cf. *Barlow v. Brant*, 206 Ga. App. 313 (425 SE2d 309) (1992). Rather, the only evidence of record as to this issue establishes exactly the contrary. In addition to testifying that the stain was recommended specifically for the purpose of placing it on the concrete sidewalk, the building contractor also testified that he contacted the architect in charge of the project and informed him he was applying H & C concrete stain on the sidewalk and that the architect approved the use of the stain. The evidence also shows the project was inspected by both the architect and the city building inspector and that it was approved by both individuals. Moreover, no allegations have been made and nothing in the record suggests that the stain was improperly applied. Cf. *Artesiano v. K-Mart Corp.*, 184 Ga. App. 895 (1) (363 SE2d 177) (1987).

Plaintiff points, however, to deposition testimony showing the painted concrete sidewalk was more slippery when wet than the unpainted concrete parking lot, and that several of defendant's custom-

ers had reported to a former employee that the sidewalk was slippery when wet. However, "installation of an accepted material [does not constitute] negligence simply because it becomes slippery when wet. There is scarcely any material that might be used in construction that isn't made somewhat slippery by the presence of water. That is a matter of common knowledge, and, since it is, it behooves us all to use a measure of precaution in walking upon wet surfaces. 'It is common knowledge that people fall on the best of sidewalks and floors.' [Cit.]" *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 172 (1) (138 SE2d 77) (1964). Moreover, this is not a case where the finish on the sidewalk rendered it so slippery when wet that the owner's knowledge of that fact, without more, would be sufficient to establish the owner's liability. To the contrary the record shows plaintiff did not notice anything hazardous or dangerous about the wet sidewalk when she first traversed it on her way into defendant's store, as demonstrated by the fact that plaintiff was walking "hurriedly" across the sidewalk when she fell. Cf. *Spivey v. Bd. of Ed. of Savannah*, 194 Ga. App. 726 (391 SE2d 783) (1990) (in which plaintiff realized the steps on which she fell were slippery when she ascended them, but then fell while descending the steps despite her efforts to be careful).

The trial court's grant of summary judgment to defendant in this case is affirmed.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 12, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*Rand & Ezor, Samuel S. Olens, Richard Kopelman, J. William Trunnell, Jr.*, for appellant.

*Martin, Snow, Grant & Napier, John C. Edwards, Lisa M. Edwards*, for appellee.