## A94A0676. LOWE v. MACERICH REAL ESTATE COMPANY, II et al.
### (444 SE2d 389)

COOPER, Judge.

Plaintiff brought an action against defendants for injuries sustained in a fall. The trial court granted defendants' motion for summary judgment, and this appeal followed. Plaintiff asserts the grant of summary judgment to defendants as her sole enumeration of error.

Plaintiff alleged in her complaint that she slipped and fell on the hardwood floor outside the entrance to Sears in the Columbus Square Mall. She alleged that her fall was due to defendants' negligence in maintaining an entrance which appeared level and safe but sloped to a dangerous degree and in failing to warn persons using the entrance to be aware of the dangerous qualities of this area. However, in her deposition, plaintiff testified that she did not know what caused her to fall. She stated that she was looking straight ahead when she lost her balance and just fell. She also testified that the area was well lit, that nothing distracted her and that there was no foreign substance on the floor. In defense of defendants' motion for summary judgment, plaintiff submitted the affidavit of an expert who averred that the entrance in question was "extremely negligently designed and maintained" because there were no markings or other signs to warn pedestrians that they were approaching a slope in the floor; the change in elevation of the floor would not be apparent to persons walking over the area in question because of an optical illusion created by the parquet design of the floor and the angle of elevation; and there was insufficient traction for pedestrians. Thus, the negligently designed and maintained floor was "a proximate cause" of plaintiff's fall. The expert also averred that defendants, by and through their employees and supervisory personnel, had superior knowledge of the negligent condition or reasonably should have had superior knowledge of the perilous condition. Despite the final contention, there is no evidence of anyone previously falling in this location.

"A proprietor owes a duty to invitees to keep the approaches and

premises in a safe condition. OCGA § 51-3-1. The basis of a proprietor's liability for injuries to an invitee resulting from a defective or hazardous condition existing on the premises is the proprietor's superior knowledge of the condition and of the potential for injury created by it. [Cit.] A proprietor is not an insurer of an invitee's safety, and an invitee is expected to exercise care for his own safety; however, 'an invitee is not obliged to inspect the premises to discover latent defects nor even to observe patent defects.' [Cit.] ' "Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law. . . . [Cits.]" ' [Cit.]" *Fowler v. Campbell*, 191 Ga. App. 872 (1) (383 SE2d 163) (1989).

Plaintiff contends the trial court erred in granting defendants' motion for summary judgment because there were genuine issues of material fact as to whether defendants were negligent in designing and maintaining an entrance which had an optical illusion that concealed a change in elevation, lacked warnings notifying pedestrians that they were approaching a slope and was too slick. We disagree. The expert opined that the slope was concealed by an optical illusion and that defendants were negligent in failing to provide warnings of the slope. The mere fact that there is a slope does not of itself constitute negligence. See *Pilgreen v. Hanson*, 89 Ga. App. 703, 709 (1a) (81 SE2d 18) (1954). The expert did not allege that the slope was too steep or unsafe for pedestrians (see *Haire v. City of Macon*, 200 Ga. App. 744, 745 (409 SE2d 670) (1991)), and there is no evidence that a change in elevation caused plaintiff's fall. Compare *Pilgreen*, supra ("hump" in the floor of a dimly lit restaurant was covered by diagonal rows of alternating colored tiles with a slippery surface); *Butts v. Academy of Beauty*, 117 Ga. App. 222 (160 SE2d 222) (1968) (six-inch step-down was not apparent because black and white diagonal floor pattern under brilliant illumination gave the appearance of continuity). Moreover, despite the expert's opinion that the surface did not provide enough traction, there is no evidence that this condition caused plaintiff to fall. See *Harmon v. Reames*, 188 Ga. App. 812, 814 (374 SE2d 539) (1988). Plaintiff looked at the floor after the incident and does not know what caused her fall. Furthermore, a slick surface does not of itself constitute negligence. *Pilgreen*, supra at 709.

Citing *Lumbus v. D. L. Claborn Buick-Opel*, 153 Ga. App. 807 (266 SE2d 526) (1980), plaintiff contends that while each of the factors enumerated by the expert may not constitute negligence in and of themselves, their combined effect created a dangerous condition of which defendants failed to warn. However, we decline to apply this principle in the instant case since plaintiff does not attribute her fall to any of these factors, and the expert neither witnessed the fall nor

indicated how it occurred. See *Fowler*, supra at 873. Although the expert was apparently familiar with the location of the incident, we do not find that his list of deficiencies, composed after the fact, creates genuine issues of material fact since plaintiff, even at this juncture cannot attribute the fall to any of the alleged deficiencies. Accordingly, we conclude that the instant case is more akin to that line of cases in which the fall occurred "for an unexplained reason." *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987). Compare *Haire*, supra.

"To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state. In the absence of any allegation or probative evidence indicating that the fall would not have occurred but for the existence of the alleged defect, we hold the trial court did not err in concluding that no issue of fact existed in the case for resolution by a jury." (Citations and punctuation omitted.) *Fowler*, supra at 873.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 25, 1994.

*Agnew, Schlam & Bennett, Paul E. Schlam*, for appellant.
*Self, Mullins, Robinson & Marchetti, J. Ronald Mullins, Jr., Martha M. Hartley*, for appellees.