A94A1125. PARKER v. JOHNSON et al.
(449 SE2d 344)

McMURRAY, Presiding Judge.

Plaintiff Shirley T. Parker brought this tort action against defendants Jerry Johnson d/b/a Johnson Kiddie Rides, Wal-Mart Stores, Inc. ("Wal-Mart") and North East Hillcroft, Inc. ("Hillcroft") seeking to recover for personal injuries sustained on February 7, 1991, when she tripped and fell backward while lifting her grandson from an amusement ride. According to the complaint, Johnson owned and operated two such amusement rides placed outside of and adjacent to defendant Wal-Mart's store in Macon, Georgia. The premises are owned by Hillcroft and leased to Wal-Mart. "Plaintiff placed her grandson in one of the rides (a kiddie car). At the conclusion of the ride, plaintiff removed her grandson. However, due to the location of the amusement rides and the close proximity of the rides to each other, plaintiff had inadequate room to maneuver and fell over a bar [on the ground behind her] extending from one of the two amusement rides." It was further alleged that the placement of these rides was dangerous because the "customer with a small child becomes essentially trapped and maneuvering becomes difficult. . . ." Each defendant answered and denied the material allegations of the complaint. After discovery, defendants Johnson and Wal-Mart jointly moved for summary judgment, urging that "any alleged defects . . . were within the plaintiff's plain view and were open and obvious. . . ."

The following facts are undisputed: Pursuant to a written agreement, "Wal-Mart agree[d] to provide space for [Johnson]'s kiddie rides (machines) and [Johnson agreed] to provide service and commissions to Wal-Mart. . . ." According to Gary Barnes, the store manager on duty on February 7, 1991, the choice of location for such amusements "would be up to the manager[,]" and that "[o]ther store managers [he] had worked for beforehand . . . generally instructed [him] as to how [amusement rides] should be placed on the . . . side-

walks." Those instructions were: "Not to block the doorways, to be sure they're — you know, placed up against the wall and back off the main route of the sidewalks so it wouldn't block the flow of traffic. . . ." Johnson placed a "kiddie car" ride on the sidewalk by the exit of Wal-Mart's store and adjacent to the store wall. A carousel or merry-go-round ride was also on the sidewalk very near the car ride but not immediately next to the wall. The store manager acknowledged that he did not "know the distance between the merry-go-round and the car[,]" and that he "never measured it or estimated it[.]" Nevertheless, when shown photographs of the placement of the two rides, the manager affirmed that he "consider[ed] that [he] met [Wal-Mart] standards keeping [the rides] away from the door and keeping them out of the flow of traffic. . . ." Plaintiff affirmed that the distance between the car ride and the carousel was "[possibly] . . . less than two feet . . ." but agreed that she did not hit or strike anything as she stepped between them to place her grandson in the car ride. At the time, the grandson was approximately 20 months old and weighed about 25 pounds. Plaintiff described her fall in this manner: "When I picked Jonathan up and took him out of the car, my left leg hit the merry-go-round, and the right leg went back and I hit the trip bar, and I fell." Her reference to the "trip bar" was understood to mean "the bar that protrudes from the carousel or merry-go-round" along the ground and then leads to the coin box. This bar was behind plaintiff while she faced the child in the ride.

In support of their contention that plaintiff failed to exercise due care on her own behalf, defendants point to the following deposition testimony: "[DEFENDANTS' COUNSEL]: Okay. Was there anything that you came in contact with with this carousel or this extension that you talked about that was something that you couldn't see if you had been looking at it? [PLAINTIFF]: Well, I wasn't looking, I mean, not down. I was looking — I was concentrating on Jonathan and getting him in the car. . . . I was looking straight ahead, you know. I wasn't looking down." Cross-examination of the plaintiff continued: "[DEFENDANTS' COUNSEL]: Is there anything that was — something that you couldn't have seen had you been looking? [PLAINTIFF]: Had — had you been looking. [DEFENDANTS' COUNSEL]: You would have seen it? [PLAINTIFF]: If you looked down. [DEFENDANTS' COUNSEL]: Okay. [PLAINTIFF]: But you don't walk around looking down. [DEFENDANTS' COUNSEL]: Okay. And I guess it wouldn't have made any difference to you since you weren't looking what color any of these items on the carousel were painted, is that right? [PLAINTIFF]: You know, the color wasn't apparent to me. Like I said, I was concentrating on Jonathan getting him in the car." However, when subsequently questioned whether she thought the bar or rod connecting the carousel to the

coin box was "hidden," plaintiff replied: "Well, it's not hidden, but its black, it's hard to see if you were looking."

The trial court granted defendants' motion for summary judgment and this appeal followed. Plaintiff contends summary judgment is erroneous because the question whether she exercised ordinary care for her own safety should be resolved by a jury. *Held*:

"An invitee enters upon the premises under an implied representation, or assurance, that the land has been prepared and made ready and safe for his reception. The invitee is entitled to expect the possessor will exercise reasonable care to make the land safe for his entry. 2 Restatement of Torts 216, § 343." *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737). " 'A proprietor owes a duty to invitees to keep the approaches and premises in a safe condition. OCGA § 51-3-1. The basis of a proprietor's liability for injuries to an invitee resulting from a defective or hazardous condition existing on the premises is the proprietor's superior knowledge of the condition and of the potential for injury created by it. (Cit.) A proprietor is not an insurer of an invitee's safety, and an invitee is expected to exercise care for his own safety; however, "an invitee is not obliged to inspect the premises to discover latent defects nor even to observe patent defects." (Cit.) " 'Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law. . . . (Cits.)' " (Cit.)' *Fowler v. Campbell*, 191 Ga. App. 872 (1) (383 SE2d 163) (1989)." *Lowe v. Macerich Real Estate Co., II*, 213 Ga. App. 299, 300 (444 SE2d 389). In the case sub judice, defendants are presumed to have actual knowledge of the allegedly hazardous proximity of the rides to one another since Johnson or his agent actually set them up. See *Lindsey v. J. H. Harvey Co.*, 213 Ga. App. 659 (445 SE2d 810). In light of plaintiff's testimony that she was concentrating on the child as she backed into the carousel and that the bar behind her when she tripped was "black, it's hard to see if you were looking[,]" the evidence relied upon by defendants "does not conclusively show a failure of plaintiff to exercise ordinary care for [her] own safety." *Chaves v. Kroger*, 213 Ga. App. 348, 350 (444 SE2d 606). Her testimony that she was not looking directly at the ground at the time she fell because she was concentrating on her grandson in the amusement ride provided by defendants "does not alone show that [she] was not exercising ordinary care. See *Food Giant v. Cooke*, 186 Ga. App. 253, 257 (2) (366 SE2d 781) (1988)." *Chaves v. Kroger*, 213 Ga. App. 348, 350, supra. "Looking continuously for defects, without interruption, is not required of an invitee. *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (1) (263 SE2d 171)." *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294, supra. As this court cannot say as a matter of law that

plaintiff failed to exercise ordinary care for her safety, the grant of summary judgment on behalf of Johnson and Wal-Mart was erroneous. See *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 2 (1), 3 (432 SE2d 230).

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 7, 1994 —
RECONSIDERATION DENIED OCTOBER 19, 1994 —

*Harris & James, William C. Harris, Lisa Neill-Beckmann,* for appellant.

*Chambless, Higdon & Carson, Thomas F. Richardson, Jeffrey W. Frazier, Kenneth M. Brock, Christopher D. Balch,* for appellees.