A94A2529. STEPHENS v. ERNIE'S STEAKHOUSE OF STONE MOUNTAIN, INC.
A94A2625. STEPHENS v. SIGMA DEVELOPMENT, INC.
(450 SE2d 275)

BIRDSONG, Presiding Judge.

Pamela Stephens appeals the grant of summary judgments to Ernie's Steakhouse of Stone Mountain, Inc. and Sigma Development, Inc. in this slip and fall case. Ernie's Steakhouse is the tenant in a shopping center owned by a limited partnership which is predominantly owned by appellee Sigma Development. In September 1992, appellant Stephens fell on a rain-wetted handicap access ramp after leaving Ernie's Steakhouse. Prior to dining in the restaurant, she waited about 40 minutes outside the restaurant in reasonable proximity to the handicap ramp. It rained while she waited outside and it rained while she was inside the restaurant. When she left the restaurant she was aware that it had been raining and she was aware of the wet painted surface of the ramp; however, the ramp had no standing water on it, it appeared to have "texture" and it did not appear dangerous. She slipped and fell, apparently because of the slick painted surface of the ramp. She presented evidence that employees of Ernie's Steakhouse had the ramp painted in the spring of 1992, and had selected and applied the paint on the ramp. The paint chosen by Ernie's employees was BEHR PLUS 10 Siliconized Acrylic Concrete Stain. According to the affidavit of appellant's expert in concrete and masonry mediums, BEHR'S PLUS 10 Siliconized Acrylic Concrete Stain is well known to him; it is compounded with 100 percent acrylic resins and, as its name indicates, it is "siliconized"; it is labeled "water repellant" and when applied to raw concrete it forms a' nonporous and virtually waterproof surface; it will become slick and slippery when moist because of a "filming effect of the moisture upon the essentially non-porous surface"; and it "is not suited for use where a non-skid surface is required unless fine sand or some other suitable texture material is first added to the compound." The manager of Ernie's Steakhouse affied that the ramp was painted "so that it would stand out from the surrounding sidewalk"; the restaurant had received no complaints about the condition of the ramp; its employees

visually inspected the ramp daily and had no knowledge that the ramp was in a dangerous or slippery condition; and no employee was near the ramp on the night of appellant's fall. *Held*:

1. As to Case No. A94A2529, Ernie's Steakhouse contends that because it had no superior knowledge of a defective or dangerous condition, it cannot be liable. See *Walker, Dade &c. Hosp. Auth. v. Clark*, 209 Ga. App. 52, 53 (432 SE2d 647), where we reversed the denial of summary judgment to defendants, holding that the hazardous condition was open and obvious, plaintiff had equal knowledge of it and could have discovered it in the exercise of ordinary care. See also *Rose v. Kennesaw House*, 203 Ga. App. 648, 649 (417 SE2d 379), where the plaintiff had at other times safely traversed a ramp in rainy weather and her knowledge of the inadequacies of the ramp handrail and surface was equal to that of the proprietor.

In this case, the evidence, construed in plaintiff's favor (*King v. Crain-Daly Volkswagen*, 207 Ga. App. 583, 584 (428 SE2d 586)), shows plaintiff walked down the handicap access ramp believing it to be safe in the wet condition but, unknown to her and undiscoverable by visual inspection, the ramp was inherently dangerous in wet conditions because of its siliconized surface. The evidence, construed in plaintiff's favor, shows that even leaving aside the question of the proprietor's negligence in choosing this paint to coat this handicap ramp, the dangerous properties of this siliconized paint in wet conditions were known to Ernie's Steakhouse employees, or should have been known to them because of the labeling on the paint can. Since Ernie's Steakhouse employees did not discover the dangerous condition on the ramp surface despite their daily visual inspections (including, presumably, visual inspections made in wet weather), we cannot say that as a matter of law the plaintiff in this case should have discovered what Ernie's Steakhouse employees could not. Further, a jury may find that Ernie's Steakhouse employees were negligent in choosing a paint for a handicap ramp which they knew or should have known causes an invisible but especially perilous condition in wet weather, and they would be held to have superior actual or constructive knowledge of the ramp's hazardous condition.

As there is specific evidence from which Ernie's Steakhouse may be deemed to have superior knowledge of the dangerous siliconized properties of the paint chosen by its employees for this handicap ramp, this case is distinguished from *Walker, Dade &c. Hosp. Auth.*, supra at 52, where the plaintiff "presented no evidence of superior knowledge [of the proprietor] of a dangerous or defective condition." In *Rose*, supra, the evidence showed the plaintiff had equal knowledge of the defective condition. This case is more akin to *Barlow v. Brant*, 206 Ga. App. 313, 314 (425 SE2d 309), where the sidewalk was "finished improperly for use by pedestrians in that it was given a smooth

finish which becomes slippery when wet instead of a brush finish which would have provided traction for pedestrian use." Id. at 313. See also *Caven v. Warehouse Home Furnishings Distrib.*, 209 Ga. App. 706, 707 (434 SE2d 532).

We have held time and again that a proprietor is not an insurer of an invitee's safety, the invitee must use ordinary care for his own safety, and to recover damages for negligence the plaintiff must show the proprietor's superior knowledge of the defect. The "superior knowledge" principle is invoked as mantra by proprietors, but the "superior knowledge" principle does not remove the proprietor's " 'duty to inspect [his] premises to discover possible dangerous conditions . . . and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises.' " *Barlow*, supra at 315. The proprietor has the duty to take reasonable precautions to make its premises safe, but the invitee also has a duty to exercise ordinary care for his own safety, so, where the proprietor fails to exercise reasonable care to make the premises safe, nevertheless if the invitee by exercising ordinary care could have discovered and avoided the dangerous condition, his knowledge of the danger is deemed equal to the proprietor's knowledge. The determining factor in most cases is, therefore, whether in the exercise of ordinary care the plaintiff could have discovered a dangerous condition, including one created by the proprietor. See generally *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327). As in *Barlow*, supra at 314, "reasonable minds could differ concerning whether it was apparent from looking at the [ramp] that it was given a finish that was too slick for pedestrian use" in wet conditions. The jury may find the paint used for this handicap ramp, as in *Barlow*, created a particular peril in wet conditions, and that plaintiff could not discover this peril from the mere fact that the surface was slick with water from the rain. For this reason, summary judgment to Ernie's Steakhouse was error.

2. As to appellee Sigma Development (Case No. A94A2625), the lease between Ernie's Steakhouse and the limited partnership of which Sigma owns 93 percent provides: "[All] pedestrian sidewalks and ramps . . . provided by landlord for general use in common, or tenants of the shopping center, their [agents] and customers shall at all times be subject to the exclusive control and management of landlord . . . and landlord shall have the right from time to time to establish, modify and enforce reasonable rules and regulations [as to such common areas, including the right to construct, maintain, operate, improve, police, inspect, change, and restrict] and to do and perform such other acts in and to said areas and improvements as, in the use of good business judgment, the landlord shall determine to be advisable with a view to the improvement of the convenience and use

thereof by tenants of the shopping center, their [agents] and customers; provided that no such changes shall deny or materially interfere with reasonable visibility of, ingress to or egress from the premises."

This provision gives the landlord the right to control traffic and parking facilities of the shopping center as they relate to the convenience and use of the entire shopping center for all tenants and customers. Its terms do not impose a duty on the landlord to inspect the tenant's maintenance of sidewalks and ramps serving its establishment for safety purposes. "Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the *negligence or illegal use of the premises by the tenant*; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." (Emphasis supplied.) OCGA § 44-7-14. The landlord (owned by Sigma) is not responsible for the negligent use of the premises by Ernie's Steakhouse, and the fact that the landlord retains exclusive control of the common areas of the shopping center for convenience purposes did not impose on it the duty to inspect the tenant's maintenance of the ramp. It is undisputed that the landlord had no notice of a defective condition, and no duty to inspect or maintain the ramp is shown. Compare *Barlow*, supra at 314. The summary judgment to Sigma was correct.

*Judgment affirmed in Case No. A94A2625 and reversed in Case No. A94A2529. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 9, 1994.

*Lawson & Daniel, John W. Lawson,* for appellant.

*Sullivan, Hall, Booth & Smith, John E. Hall, Jr., T. Andrew Graham, Lokey & Bowden, Peter K. Kintz, Jon W. Burton,* for appellees.