## HARVEY v. BUCHANAN.

The owner of a vicious or dangerous animal, who allows the same to go at liberty, is liable to one who sustains injury as a result of the vicious or dangerous tendency of the animal only in the event that the owner knows of its vicious or dangerous character. If he does not know this, he will not be liable for an injury which is not the usual and natural consequence to be anticipated from allowing an ordinary animal of that kind to go at large.

Submitted November 17, — Decided December 9, 1904.

Certiorari. Before Judge Henry. Floyd superior court. February 11, 1904.

*McHenry & Maddox*, for plaintiff in error.
*Junius F. Hillyer*, contra.

COBB, J. This suit originated in a justice's court. The plaintiff was the owner of a kid of the alleged value of $1.00. The defendant was the owner of a mule, and the record discloses that "her name was Maud." The cause of controversy was the death of the kid at the hands (or, to speak more accurately at the mouth and forefeet) of the mule. The trial resulted in a verdict in favor of the plaintiff for $1.00 damages and $26.05 costs. The defendant complains because the court overruled his certiorari. It appears from the evidence that the mule was at large and entered the pasture of the owner of the kid, the pasture not being protected by a lawful fence. While the record discloses the district in which the suit was brought, and therefore the district in which the defendant resided, it does not disclose the district in which the pasture of the plaintiff was located. The stock law is in force only in some of the districts in Floyd county, in which the cause of action arose. We therefore can not determine from the record whether the case should be controlled by rules which would be applicable in a stock-law district, or by those which

would apply in a district in which fences are maintained. In those districts where the stock law has been adopted it is the duty of the owners of stock to keep them in enclosures protected by lawful fences, and a mule at large in such a district would be a trespassing animal. In those districts where the stock law has not been adopted, it is the duty of owners of land to protect their premises and crops by lawful fences against animals which are allowed to go at large. In the one case the owner of the animal would have been at fault in negligently allowing it to go at large. In the other case he would not have been to blame for merely allowing his mule to roam. We have called attention to the matter of fences, for the reason that stress has been laid in the argument upon the fact that the pasture in which the kid was killed was not protected by a lawful fence. But under the view we have taken of the case, we do not think it is material whether the cause of action arose in a stock-law district or not. The code declares: "A person who owns or keeps a vicious or dangerous animal of any kind, and by the careless management of the same, or by allowing the same to go at liberty, another without fault on his part is injured thereby, such owner or keeper shall be liable in damages for such injury." Civil Code, § 3821. This is but a restatement of the common law, and at common law in order to support such actions it was necessary to show, not only that the animal was vicious or dangerous, but also that the owner knew this fact. The scienter was the gist of the action. *Conway* v. *Grant*, 88 *Ga.* 40; *Reed* v. *Southern Express Co.*, 95 *Ga.* 108. A careful examination of the record fails to disclose any evidence that the owner of the mule knew that the animal was vicious and dangerous. Hence there was no liability upon him for damages, whether he was at fault in allowing the mule to go at large, or whether he had a right to release it from his premises. The killing of stock is not the natural or usual consequence of allowing the ordinary mule to go at large. The destruction of or injury to crops or herbage would be. Hence in the one case proof of the scienter as to the mule's habits and tendencies is necessary as a part of the plaintiff's case, and in the other it is not. The judge erred in not sustaining the certiorari.

*Judgment reversed. All the Justices concur.*