30995. Greenberg *v.* Rothberg.

Sutton, P. J. 1. An ordinance of a city in a foreign State can not be proved in this State by parol testimony of a witness, although he is an attorney at law of such foreign State and city, and testifies that he is familiar with the ordinance sought to be introduced in evidence.

2. That a municipal ordinance can not be judicially noticed by State courts is well settled in this State, as well as by the decisions of

courts of other States. They are treated as private statutes, and must be alleged and proved as a matter of fact. *Taylor* v. *Sandersville,* 118 *Ga.* 63 (44 S. E. 845); 20 Am. Jur. 61. The Code, § 38-606, provides: "Exemplifications of the records and minutes of municipal corporations of this State, when certified by the clerks or keepers of such records, under seal, shall be admitted in evidence under the same rules and regulations as exemplifications of the records of the courts of record of this State." It was said in *Wood* v. *Shore,* 160 *Ga.* 173 (127 S. E. 145), that "The general rule is that an exemplification of a municipal ordinance is not admissible in evidence unless duly certified under the corporate seal of such municipality," citing *Central of Ga. Ry. Co.* v. *Bond,* 111 *Ga.* 13 (36 S. E. 299); *Sewell* v. *Tallapoosa,* 145 *Ga.* 19 (88 S. E. 577); "but where a municipality has no seal, it is not error to admit in evidence an original ordinance, where it is admitted to be such," citing *Rogers* v. *Tillman,* 72 *Ga.* 479; *Myers* v. *Wright,* 158 *Ga.* 419 (123 S. E. 740). See, in this connection, *Western & Atlantic Railroad Co.* v. *Hix,* 104 *Ga.* 11 (30 S. E. 424); *Western & Atlantic Railroad Co.* v. *Peterson,* 168 *Ga.* 259 (6), 265 (147 S. E. 513); *Harrison* v. *Central of Georgia Ry. Co.,* 44 *Ga. App.* 167, 175 (160 S. E. 694).

3. Consequently, in a pending suit in the superior court of Fulton County, Georgia, for damages for personal injuries alleged to have been caused by the negligence of the defendant in the violation of an ordinance of the City of New York, it was not error for the trial judge to fail to admit in evidence the testimony, by depositions, of an attorney at law of the State of New York and the City of New York, whose testimony was offered for the purpose of proving the ordinance alleged to have been violated. If parol evidence is insufficient to prove an ordinance of a municipality of this State, a fortiori would this be true of an ordinance of a city of a foreign State.

4. The court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*

Decided September 29, 1945.

*I. A. Blanch,* for plaintiff.

