## 63008. DUDLEY v. THE STATE.

BIRDSONG, Judge.

Probation Revocation. Nathaniel Dudley was sentenced in 1974 on his plea of guilty to the crime of first degree forgery to serve ten years on probation. After two intervening revocations of probation in 1975 and 1978, Dudley again faced a revocation hearing in May 1981. He was cited for violating the terms of his probation not to violate the criminal laws of any governmental unit by discharging a weapon (firearm) in violation of a local ordinance and by possessing a firearm as a convicted felon in violation of a state criminal statute. The probation was once again vacated and Dudley was sentenced to serve the remainder of the full sentence originally imposed. Dudley brings this appeal enumerating three alleged errors. *Held:*

1. In his first enumeration, Dudley argues that there is no competent evidence to support the alleged violation of the local ordinance. There is merit in this contention. The state did not introduce the ordinance as evidence. While there was overwhelming

evidence that Dudley did in fact fire a weapon in the city limits of Albany, there is no showing that such conduct violated any cognizable criminal law of that local government unit as charged in the petition for revocation. In the absence in evidence of a properly admissible copy of the ordinance involved, neither the trial court nor this court may take judicial notice of the existence of a local ordinance. *Owens v. State,* 153 Ga. App. 525, 527 (2) (265 SE2d 856). Nor does appellant's entry of a plea of nolo contendere furnish such proof. *Nelson v. State,* 87 Ga. App. 644, 649 (75 SE2d 39).

2. Dudley complains in his second enumeration that there is no support in the record for the allegation that he violated a statute by possessing a firearm as a convicted felon. In this he is in error. The record shows that an amendment was made and properly served two weeks before the termination of the hearing informing Dudley that one of the grounds of the probation revocation petition was that very offense. Dudley admitted that he had handled both a rifle and a pistol, using one to pistol whip a victim, and the rifle to fire at a person. Though Dudley maintained that he had used these weapons in self-defense, this is at best a mitigating fact and does not excuse a violation of the statute prohibiting a convicted felon from possessing a firearm. Thus, it makes no difference that there is no competent evidence of the other ground alleging a violation of a local ordinance inasmuch as there is overwhelming evidence that Dudley violated the terms of his probation by violating a criminal statute of the state.

3. In his last enumeration, Dudley argues that the trial court erred in not making explicit findings of fact and conclusions of law. However, the petition, as amended, clearly informed Dudley what constituted the violation of probation, i.e., possession of a firearm as a convicted felon. There is a 170-page transcript reflecting the full hearing afforded Dudley. The trial court made express findings of fact that Dudley had violated the terms of his probation by possessing a firearm as a convicted felon. Such a record satisfies the requirements of Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) and Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656). From this record, both the defendant and this court can ascertain the basis for revocation of the defendant's revocation. We find no error in the fact that the trial court did not commit more detailed findings to a separate piece of paper. *State v. Brinson,* 248 Ga. 380, 381 (283 SE2d 463). There is no merit in this enumeration.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 17, 1982.

*James N. Finkelstein,* for appellant.

Nathaniel Dudley, *pro se.*

*William S. Lee, District Attorney, Britt Priddy, Assistant District Attorney,* for appellee.