## 71010. BROWN v. PIERCE et al.
(338 SE2d 39)

SOGNIER, Judge.

This is a dog bite case. A German Shepherd dog, owned by Stephen and Debra Pierce, attacked and mauled six-year-old Jason Carter Brown while Brown was playing in his own yard. Summary judgment was granted to the Pierces in the personal injury suit brought by Brown, by next friend Pamela Youngblood, Brown's mother. This appeal ensued.

Appellees moved for summary judgment on the basis of their affidavits denying they had any knowledge prior to the subject incident that their dog had ever bitten another human being. Appellant failed to present any evidence controverting appellees' statements. The version of OCGA § 51-2-7 in effect at the time of these events provided that "[a] person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act shall be liable in damages to the person so injured." "Concerning this statutory provision, this court has repeatedly held that '(p)roof that the owner of a dog either knew or should have known of the dog's propensity to do the particular act which caused injury to the complaining party is indispensable to recovery against the owner. [Cit.] . . . (T)he owner of a dog may not be found liable for an unforeseen and unforeseeable act of the dog simply because the dog was not under the owner's direct control at the time the act took place.' [Cit.]" *Smith v. Culver*, 172 Ga. App. 183 (322 SE2d 294) (1984). (We note that under the amended version of OCGA § 51-2-7, effective July 1, 1985, rulings cited herein may become inapplicable.) Appellant's argument that the presence of appellees' dog on premises owned by appellant's mother and stepfather while in violation of the county leash law negates any burden on appellant to show scienter in order to allege a valid cause of action has been decided adversely to appellant in *Connell v. Bland*, 122 Ga. App. 507, 510-512 (177 SE2d 833) (1970). The language appellant relies on in *Caldwell v. Gregory*, 120 Ga. App. 536, 541 (171 SE2d 571) (1969) is obiter dicta and inapplicable to dog cases. *Connell*, supra at 512.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 7, 1985.

*James H. Archer, Jr., Edna M. Caldwell*, for appellant.
*Stephen L. Cotter*, for appellees.