### 72415. McBRIDE v. WASIK et al.
(345 SE2d 921)

BANKE, Chief Judge.

The appellant sued the appellees, Mr. and Mrs. Wasik, to recover for dog-bite injuries inflicted upon him by their German shepherd dog. The complaint was grounded on the appellees' alleged negligence and carelessness in failing to control the dog, despite knowledge of its alleged vicious propensities. This appeal is from the grant of the appellees' motion for summary judgment.

In deposition testimony and in their responses to interrogatories and requests for admissions propounded by the appellant, the appellees denied knowledge of any prior instance in which their dog had bitten anyone. In opposition to the motion for summary judgment, the appellant submitted the affidavit of a neighbor, Mrs. Volnary, who maintained that Mr. Wasik had once commanded the dog to attack her by pointing at her and yelling, "Kill the bitch." Mrs. Volnary stated that the dog had responded to this command by running towards her but that Wasik had called the animal off before it reached her. She further averred that Wasik had once told her the dog was a trained attack dog. The appellant also submitted the affidavit of Mr. Volnary's 14-year-old son, who averred that he had personally seen the dog "charge and leap upon small children while snarling and growling, knocking the children to the ground on numerous occasions." There was, however, no evidence that the dog had ever before actually bitten anyone.

The appellant was bitten in his own yard, after he grabbed the dog to prevent what appeared to him to be an attack on his wife. The appellant testified that earlier that same day he had overheard Mr. Wasik, with whom he was evidently not on the best of terms, announce that "he hoped that dog got out and went over there and killed that s.o.b., talking about me." *Held*:

1. The appellees' motion to dismiss the appeal based on the appellant's failure to file his brief within 20 days of the docketing of the appeal is denied. See Court of Appeals Rule 14.

2. The appellees' potential liability in this case is governed by OCGA § 51-2-7, which, as it existed at the time of the incident in question, provided in its entirety as follows: "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act shall be liable in damages to the person so injured."

" 'Concerning this statutory provision, this court has repeatedly held that "[p]roof that the owner of a dog either knew or should have known of the dog's propensity to do the particular act which caused injury to the complaining party is indispensable to recovery against the owner. [Cit.] . . . [T]he owner of a dog may not be found liable for an unforeseen and unforeseeable act of the dog simply because the dog was not under the owner's direct control at the time the act took place." [Cit.]' *Smith v. Culver*, 172 Ga. App. 183 (322 SE2d 294) (1984)." *Brown v. Pierce*, 176 Ga. App. 787 (338 SE2d 39) (1985).

Although there was no evidence that the appellees' dog had ever before bitten anyone, we believe the evidence of Mr. Wasik's alleged announcement, on the day of the attack, that "he hoped that dog got out and went over there and killed" the appellant is sufficient to create a material issue of fact as to whether he knew the dog had a vicious propensity to attack people if set free. Because it is this alleged propensity which resulted in the appellant's injuries, we therefore hold that the trial court erred in granting the appellees' motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 29, 1986.

*Robert E. Richardson*, for appellant.
*Earl W. Gunn, W. Alan Jordan*, for appellees.