## 76744. EVANS-WATSON v. REESE.
(372 SE2d 675)

BEASLEY, Judge.

Sheila Evans-Watson appeals the grant of summary judgment to defendant Reese. The suit is for personal injuries due to Reese's alleged negligence and violation of OCGA § 51-2-7 in regard to the management and control of Reese's German Shepherd-type dog.

On appeal plaintiff insists that there is evidence showing that the dog was vicious and dangerous, that defendant knew of it, that the steps defendant took in the past and on this occasion to secure the dog constituted careless management and in effect allowed the dog to go at liberty, and that the county had an ordinance as described in the statute.

Defendant's position is that the evidence shows conclusively that when she went to work, the dog was securely chained in her yard and the fence gate was closed and secure, and that it was the unautho-

rized intervening acts of a third person that released the dog.

To prevail on summary judgment, defendant was required affirmatively to negate one or more essential elements of the complaint. *Corbitt v. Harris*, 182 Ga. App. 81, 83 (354 SE2d 637) (1987); *Reed v. Adventist &c. Systems/Sunbelt*, 181 Ga. App. 750, 752 (2) (353 SE2d 523) (1987); OCGA § 9-11-56 (c). As posed by the conflicting views of the parties, the question is whether the evidence establishes beyond a jury's debate that defendant met the legal standard so as not to be liable within the terms of the statute.

To describe what she did to keep the dog confined, defendant in affidavit merely stated that the dog "was securely chained behind [the] fence" and that "[t]he gate to the fence was closed and secure." She averred that she had no knowledge of any prior exhibition of vicious propensity by the dog, never gave anyone permission to take the dog off the "secured chain" or allow the dog to leave by opening the gate, and had no knowledge of any exhibition of vicious propensity by the dog.

Plaintiff's evidence, which must be taken in its best light, showed as follows. Plaintiff was visiting her sister and was walking across the yard towards her sister, who was washing a car, when plaintiff heard a rattling noise. She turned to look over her shoulder and saw defendant's large dog "racing" towards her, growling and showing its teeth. She started to run and slipped and fell on the edge of the driveway, resulting in significant injuries. Plaintiff was not bitten, and her sister chased the dog away. The dog got out after defendant's adult daughter drove up to Reese's house and opened the fence gate, which was at the edge of Reese's driveway and had to be opened to allow a car to get in.

By affidavit, two of Reese's former neighbors described a number of instances in which the dog ran loose, sometimes in Reese's presence, and stated that it chased people and put at least affiants in fear, that it jumped at some children, and that Reese was aware that the dog repeatedly escaped the yard through an opening in the fence. One affiant, on an occasion when the dog "came at" her child, notified Reese to keep the dog confined or she would call the pound.

OCGA § 51-2-7 provides that an owner or keeper of a vicious or dangerous animal "who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable" to that person.

Reese did not establish as a matter of undisputed fact that she had adequately chained the dog so it would not break the chain or the chain would not become undone, or that she took adequate precautions to assure that the dog would not be let out of the yard advertently or inadvertently by people normally opening the gate. She did not establish that her daughter unchained the dog and deliberately or

negligently allowed it to get out of the yard. Reese's opinion that the chain was secure and that the fencing arrangement was secure is not based on any facts of record and does not conclusively establish adherence to the statutorily-required degree of care. What the dog was chained with, how it got loose from the chain, and the nature of the daughter's act are not shown. Thus she has not conclusively established that her own acts were within the bounds of the law or that the unforeseen acts of a third person were an intervening cause which precluded her liability. *Union Carbide Corp. v. Holton*, 136 Ga. App. 726, 728 (1) (222 SE2d 105) (1975); *Williams v. Grier*, 196 Ga. 327, 336-337 (2) (26 SE2d 698) (1943).

As to the element of the dog's being "vicious or dangerous," the statute further provides: "In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a . . . county, . . . and the said animal was at the time of the occurrence not at heel or on a leash."

Plaintiff cited a county ordinance in effect at the time which in part imposed a duty on owners and possessors of animals "to keep the animal under control at all times while the animal is off of the real property limits of the owner, possessor or custodian . . . [A]n animal is deemed under control when it is confined within a vehicle, . . . , is secured by a leash or other device held by a competent person, or is properly confined within an enclosure with the permission of the owner of the property where the enclosure is located." Code of DeKalb County, Ga., Div. II, Part 4, Chapter 4, former § 4-4006.[1]

We note that the ordinance does not limit the requirement to "at heel" or on leash but allows also other devices or confinement. Since it is broader, it does not appear to be the type of ordinance specifically designated by the legislature to constitute a substitute for proof of vicious propensity. We make no ruling in this regard, however, because the issue is not squarely before us since there was testimonial evidence of actual vicious propensity, as well as knowledge of it by defendant. Cf. *Gilbert v. Hudspeth*, 182 Ga. App. 898 (357 SE2d 601) (1987); *Brown v. Pierce*, 176 Ga. App. 787 (338 SE2d 39) (1985).

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Nick Long, Jr.*, for appellant.

---

[1] Two other related ordinances were in effect, but were not cited by plaintiff: Section 4-4004, Running at large prohibited, and Section 4-4005, Duty to keep animal under restraint while on property.

*William D. Strickland*, for appellee.