## 77831. FIELDS v. THOMPSON.
### (378 SE2d 390)

SOGNIER, Judge.

Steve Fields brought suit against William Thompson seeking damages for injuries Fields incurred when he was attacked and bitten by Thompson's mixed breed dog. The trial court granted Thompson's motion for summary judgment and Fields appeals.

OCGA § 51-2-7, as amended effective July 1, 1985, provides: "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash." The subject incident occurred August 8, 1987 in the parking lot at Ridgeview Institute in Cobb County. It is uncontroverted that the incident occurred off the premises of the dog's owner (appellee) and that at the time of the occurrence appellee's dog was not on a leash.

Appellee argues summary judgment was properly granted to him because the evidence was uncontroverted that appellee had no knowledge of his dog's vicious propensity, citing numerous cases applying the "first bite" rule such as *Harvey v. Buchanan*, 121 Ga. 384 (49 SE 281) (1904); *Brown v. Pierce*, 176 Ga. App. 787 (338 SE2d 39) (1985); *Gilbert v. Hudspeth*, 182 Ga. App. 898 (357 SE2d 601) (1987). All the opinions cited by appellee involved incidents which predated the effective date of the amended version of OCGA § 51-2-7 and, as noted in both *Brown* and *Gilbert*, relied on rulings the applicability of which after the effective date of the statute was specifically questioned. See also *Fellers v. Carson*, 182 Ga. App. 658 (356 SE2d 658) (1987). Appellee argues, however, that OCGA § 51-2-7 as amended did not abrogate the scienter requirement which is the basis for the "first bite" rule in the earlier cases.

We did not have to address directly this issue in *Evans-Watson v. Reese*, 188 Ga. App. 292, 294 (372 SE2d 675) (1988), but we do so now. The clear and unambiguous language of OCGA § 51-2-7 establishes that the vicious propensity of an animal may be proved by showing that the animal was required to be "at heel or on a leash by an ordinance" of the applicable governmental body and that the animal at the time of the occurrence was not at heel or on a leash. By this language the General Assembly has abrogated in situations meeting the statutory requirements the prior case law of this court and the Supreme Court requiring proof in all instances that the owner of the animal had knowledge of the animal's vicious propensity.

Since, unlike the situation in *Evans-Watson*, supra, there is no evidence that the dog's owner possessed actual knowledge of the animal's vicious propensity, the question is whether proof of that vicious propensity has been provided by evidence that the animal was required to be either at heel or on a leash by Cobb County ordinance and that the animal was not at heel or on a leash at the time of the incident. Included in the record is a certified copy of Cobb County Ordinance § 3-5-9 which provides: "(a) It shall be unlawful for the owner of any animal to permit such animal to be out of his immediate control and restraint, or to be left unattended off the premises of the owner . . . . (b) Subject to the provisions of subsection (a) hereof, control and restraint of dogs shall be maintained as follows: . . . (2) When off the premises of the owner, by an appropriate chain, leash or tie not exceeding six (6) feet in length, and in the hands of a person capable of directly controlling the movements of such dog . . . ." By presenting evidence that appellee's animal was required to be on a leash by an ordinance of the applicable governmental body and that the animal was not on a leash at the time of the occurrence, appellant has presented sufficient evidence to prove the vicious propensity of appellee's dog under OCGA § 51-2-7. The trial court erred by granting summary judgment in appellee's favor.

*Judgment reversed. Carley, C. J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

In the case of *Gilbert v. Hudspeth*, 182 Ga. App. 898 (357 SE2d 601) (1987), Presiding Judge McMurray concurred in the judgment only. If the case was not then binding, in my opinion, it is not now binding and should be omitted as authority in the majority opinion. Otherwise, I concur fully.

DECIDED FEBRUARY 6, 1989.

*Nicholas E. Bakatsas*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Suzanne M. Trexler, Earl W. Gunn*, for appellee.