## A90A2166. TUTAK et al. v. FAIRLEY et al.
### (401 SE2d 73)

BANKE, Presiding Judge.

Acting on behalf of their minor son, Gregory, the appellants, Mr. and Mrs. Tutak, brought this action against the appellees, Mr. and Mrs. Fairley, seeking to recover for injuries Gregory had allegedly sustained when he was bitten by the appellees' dog. The present appeal is from the grant of the appellees' motion for summary judgment.

The appellees normally kept their dog, a 45-pound mixed breed German shepherd, chained to a doghouse in the backyard of their home; but at the time of the attack on Gregory, it had broken loose from its chains. Mr. Fairley testified that the animal had broken loose on several other occasions and that, while it had not previously bitten anyone, it had run out to the road and barked at passersby on those occasions. The appellees had owned the animal for some three years, and during that period they had never obtained a license for it, taken it to a veterinarian, or had it inoculated. Gregory was a guest at the appellees' home and was playing with their son and other children in the front yard when the attack occurred. The dog approached the children, they began petting it, and it suddenly threw Gregory to the ground and began scratching and biting him about the face and head. *Held*:

OCGA § 51-2-7 provides as follows: "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash."

At the time the incident occurred, the appellees were subject to a county ordinance which provided in pertinent part, as follows: "It shall be a violation of this ordinance for any owner or custodian of any dog classified as a 'problem dog' pursuant to the applicable provisions of this ordinance, to allow such a dog to run at large, within the urban area of Glynn County. . . ." The term, "problem dog," was defined by the ordinance to include "any dog which does not possess a current certificate of vaccination, as provided for by the laws of the State of Georgia." The ordinance further provided: "[A]ny dog is considered running at large and not under immediate control if he is not on a leash, not at heel, or not beside a competent person and obedient to that person's commands. . . . *A dog is under control when he is confined within the property limits of his owner or custodian.*" (Emphasis supplied.)

While the appellees do not dispute that their dog was a "problem dog" within the definition of the ordinance, they contend that the animal was "confined within the[ir] property limits" at the time the attack occurred and therefore was not "running at large" within the contemplation of the ordinance. We disagree. Although the animal may have been physically within the boundaries of the appellees' property at the time, it clearly was not "confined" there. The animal was thus required by the ordinance to be on a leash, at heel, or "beside a competent person and obedient to that person's commands," a condition which we view as equivalent to being "at heel." We therefore conclude that the evidence of record does not negate the allegation that the dog had a vicious propensity within the contemplation of OCGA § 51-2-7; and we accordingly hold that the trial court erred in granting the appellees' motion for summary judgment. See *Fields v. Thompson*, 190 Ga. App. 177 (378 SE2d 390) (1989).

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 9, 1991.

*Robert H. Baer*, for appellants.

*Dickey, Whelchel, Brown & Readdick, John E. Bumgartner*, for appellees.