## A96A0512. TASSEN v. WAFFLE HOUSE, INC.
### (472 SE2d 545)

McMURRAY, Presiding Judge.

This is a rainy day slip and fall case. Plaintiff Tassen was injured when, after dining at a restaurant operated by defendant Waffle House, Inc., she attempted to use some outside stairs constructed of railroad ties which were on her route back to an adjacent motel. Plaintiff and her companion had walked to the restaurant by a different route, so she encountered the steps for the first time immediately before her fall. After successfully addressing the first step, plaintiff's foot slipped from under her when she placed it on the second step. Plaintiff had no difficulty seeing the steps and saw no foreign substance other than the rain to account for the slippery condition of the steps. A summary judgment was granted in favor of defendant, and plaintiff appeals. *Held*:

We have often cited *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 172 (138 SE2d 77) for the proposition that installation of an accepted building material does not constitute negligence simply because it becomes slippery when wet because there is scarcely any material that might be used in construction that is not made somewhat slippery by the presence of water. But we have also recognized that the use of inappropriate materials may present a particular peril when wet. *Stephens v. Ernie's Steakhouse &c.*, 215 Ga. App. 166,

168 (1) (450 SE2d 275). In the case sub judice, we have evidence of such an extreme peril in that plaintiff has presented an expert's affidavit stating that railroad ties are extremely slippery when wet because they are coated with creosote and that the steps at issue were inherently dangerous, due in part to the use of inappropriate materials in the construction of the steps.

The remaining issues deal with the relative knowledge of the parties concerning the characteristics of the railroad ties used in the construction of the steps since any recovery by plaintiff must be predicated upon defendant's superior knowledge of the perilous instrumentality. *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113, 114 (321 SE2d 830). This was plaintiff's first encounter with the steps, and there is no suggestion that she had any advanced knowledge that inappropriate materials had been used in the construction of the stairs. Nor is there any evidence that the appearance of the steps gave any warning beyond the fact that they were wet. And, finally, there is no suggestion that the lack of suitability of railroad ties as a material for the construction of outside stairs is a matter of such common knowledge that plaintiff should be assumed to be aware of such information. Thus, a jury might conclude that plaintiff had no knowledge of the particular peril posed by the stairs constructed of railroad ties, that is, that when wet the stairs would be even more slippery than if constructed with commonly accepted building materials.

There was evidence that defendant regularly cleaned the steps. Defendant was also under a duty to inspect and keep the premises in a safe condition. "This includes 'a duty to inspect the premises to discover possible dangerous conditions of which [it] does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises.' *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984), citing Prosser, Law of Torts (4th ed.) 393, § 61." *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546). Regardless of whether defendant had any actual knowledge concerning the use of improper materials in the construction of the stairs, there is no evidence that it was incapable of discovering this fact through reasonable inspection. See *Barlow v. Brant*, 206 Ga. App. 313, 314 (2) (425 SE2d 309). Thus, for purposes of summary judgment, defendant must be presumed to have constructive knowledge that the railroad ties were an inappropriate material for use in the stairs and posed a hazard by becoming excessively slippery when wet.

There are additional issues for a jury concerning whether certain attributes of the steps, including the absence of a handrail and irregular dimensions of treads and risers, are violations of an applicable building code so as to constitute negligence per se and whether plain-

tiff's knowledge of these allegedly defective conditions was equal to that of defendant. *Steinberger v. Barwick Pharmacy*, 213 Ga. App. 122, 125 (1), (2) (444 SE2d 341). It follows that the state court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Johnson and Ruffin, JJ., concur and also concur specially.*

JOHNSON, Judge, concurring specially.

I fully agree with the majority that fact questions were presented as to whether the use of railroad ties in the construction of the steps created a particularly dangerous condition and whether Tassen had superior knowledge of that hazard. I agree, therefore, that summary judgment was not appropriate in this case. I write separately to call attention to two of Tassen's enumerations not addressed in the majority opinion.

Tassen contends that the trial court erred in holding that: (1) whether Waffle House's failure to provide handrails constituted negligence was not a jury question; and (2) Waffle House's failure to provide handrails and to provide stair treads and risers of particular height and width in violation of building code regulations did not amount to negligence per se. Both of these issues should have been resolved by a jury.

This Court has held that whether the failure to provide a handrail constitutes negligence is a jury question. *Spencer v. Little Brownie Properties*, 203 Ga. App. 324, 325 (416 SE2d 851) (1992). We have also held that a landlord's failure to provide a handrail where a city code requires one is negligence per se, and that a jury must decide whether the code was violated. See *Watts v. Jaffs*, 216 Ga. App. 565 (455 SE2d 328) (1995). In her affidavit, Tassen's expert stated that there was no handrail, that the treads and risers were of irregular dimensions, and that these conditions were in violation of the building code. Therefore, as to these issues as well as those specifically addressed in the majority opinion, questions of Waffle House's negligence, including negligence per se, are for the jury to resolve.

I am authorized to state that Judge Ruffin joins in this special concurrence.

DECIDED JUNE 18, 1996.

*Jeffrey H. Dover*, for appellant.
*Croy, Harris & Hammond, A. Cullen Hammond*, for appellee.