A98A1292. DURHAM et al. v. MOONEY.
(507 SE2d 877)

SMITH, Judge.

William and Cora Durham brought suit against Charles Mooney to recover damages for personal injury, punitive damages, and loss of consortium incurred when Mooney's dog bit William Durham. The trial court granted Mooney's motion for summary judgment, and this appeal ensued. We find that because Mooney successfully negated at least one essential element of the Durhams' case, the trial court properly entered summary judgment in favor of Mooney. We therefore affirm the judgment.

The record shows that Mooney bought his Rottweiler dog, Malik, in 1994. He had previously owned two other Rottweilers and other large dogs. None of his dogs, including Malik, ever attacked anyone before. On the date of the incident, in April 1996, Mooney took Malik for a walk. Malik was on a leash. Durham, who was a neighbor but had not been formally introduced to Mooney, walked over to Mooney, and the two men introduced themselves and shook hands. Durham testified he admired Malik and asked if he could pet him. Durham then knelt, petted Malik, and rubbed his head and neck, whereupon the dog suddenly bit Durham's arm. The parties agree that the dog gave no warning signals such as growling or barking at Durham before biting him and Durham did nothing overt to provoke or abuse the dog.

OCGA § 51-2-7 provides that "[a] person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash." Under this Code section, it is clear that to recover in a dog bite case, a plaintiff must show not only that the dog had vicious propensities, but also that the owner knew or should have known of those propensities. *Freeman v. Farr*, 184 Ga. App. 830-831 (363 SE2d 48) (1987) (physical precedent only).

The trial court ruled that Mooney was not liable under the per se

provision of the statute notwithstanding a county leash law, because the dog was leashed at the time of the incident. The court also concluded that no evidence was presented showing careless management, vicious propensities, or knowledge attributable to Mooney of any such propensities.

1. The Durhams contend the trial court erred in concluding that insufficient evidence was presented to show that Malik had vicious propensities or that Mooney had knowledge of such propensities. The dog's nature and the owner's knowledge are two separate issues, and both are necessary for recovery. *Torrance v. Brennan*, 209 Ga. App. 65, 66 (1) (432 SE2d 658) (1993).

The Durhams point to evidence that Malik had barked and growled at Mooney's next-door neighbor as evidence of his vicious propensity. But barking and growling amount, at most, to what has been characterized as menacing behavior. And it is clear that menacing behavior alone does not establish vicious propensity. *Banks v. Adair*, 148 Ga. App. 254, 255 (251 SE2d 88) (1978). Even assuming, arguendo, that Malik did have a vicious propensity, if no evidence was presented of Mooney's knowledge of that propensity, an essential element of the Durhams' case is lacking, and summary judgment was proper.[1]

"[T]his court has repeatedly held that proof that the owner of the dog either knew or should have known of the dog's propensity to do *the particular act* which caused injury to the complaining party is indispensable to recovery against the owner." (Citations and punctuation omitted; emphasis supplied.) *Freeman*, supra. The owner need not be aware of the dog's propensity to do the exact same act that caused the injury in issue, but in order to infer the requisite knowledge there must be at least one incident that would cause a prudent person to anticipate the actual incident that caused the injury. *Torrance*, supra at 67-68 (2). Our review of the record persuades us that no evidence of such awareness was presented.

Mooney's awareness that Malik barked and growled does not demonstrate knowledge that he would bite. In this case, Mooney denied knowledge of Malik's propensity to bite, and we cannot infer such knowledge from the evidence of record. Both Durham and Mooney expressed surprise that the dog had attacked. On his deposition, Durham testified that he was familiar with dogs because his mother had bred German Shepherds. He thought Malik "looked like a really well-behaved dog," a well-trained dog, because the dog was walking beside its owner without straining at the leash. When Malik

---

[1] The evidence of the Durhams' experts addressed only Malik's propensities, and we therefore need not address this evidence.

attacked him, he "backed off. And I said, why did he do that? And Mr. Mooney said, I don't know. I thought I knew my dog." Mooney, in turn, testified on his deposition that he had no reason to anticipate the attack or stop Durham from petting the dog because "everybody else who came in contact with him petted him" without incident. He testified that he "knew the dog to be a cordial, well-temperament (sic) dog, who had interaction with grown folks and children, and who had never given me any reason to think that he would do anything of the sort." He acknowledged, however, that "I thought I knew him better than I did, apparently."

The evidence of record shows that Mooney kept Malik in a fenced yard and walked him on a leash. It shows that Malik had never bitten or even attempted to bite anyone before. The record simply fails to support an allegation that Mooney was aware of any vicious propensities displayed by Malik. Mooney has thus demonstrated that no jury issue exists with regard to one essential element of the Durhams' case. Summary judgment was therefore properly granted to Mooney. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Contrary to the Durhams' assertion, the trial court did address their allegation that Mooney negligently trained the dog. The trial court found that the evidence simply failed to show that Mooney negligently trained Malik. This finding is amply supported by the record.

3. Because Mooney had no prior knowledge, either actual or constructive, that the dog would bite Durham, his inviting or allowing Durham to pet the animal does not make him liable for the resulting injury. The Durhams' reliance on cases involving giving false information and placing others in peril is completely misplaced. In order to recover in *this* case, the Durhams were required to prove the elements set forth in OCGA § 51-2-7. This they did not do.

4. Punitive damages are awardable only when other damages, compensatory in nature, are awarded. *Chrysler Corp. v. Marinari*, 177 Ga. App. 304, 305 (1) (339 SE2d 343) (1985). Because the trial court correctly concluded that no compensatory damages were awardable, it follows that an award of punitive damages was precluded as well.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 16, 1998.

*George W. McGriff & Associates, George W. McGriff, Eric E. Wyatt*, for appellants.

*Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Susan G. James, Joan G. Crumpler*, for appellee.