A99A0386. OERTEL v. CHI PSI FRATERNITY (NATIONAL) et al.
(521 SE2d 71)

 BARNES, Judge.

 R. L. Oertel appeals the grant of summary judgment to Chi Psi Fraternity ("National"); Chi Psi Fraternity, Alpha Iota Delta Chapter ("Local"); Armin Steinke, as agent of the fraternity and individually; and Andrew Sain, as agent of the fraternity and individually. Mr. Oertel filed suit against the defendants after he was bitten by a large golden retriever named Spencer that lived at the fraternity house. After the incident, a representative of the fraternity pled guilty in Atlanta Municipal Court to allowing Spencer to run free and to keeping a vicious dog in violation of local ordinances.

 Mr. Oertel's complaint averred the defendants had ownership and control of Spencer and all knew of Spencer's vicious propensities because they had been cited several times for allowing Spencer to run loose. Contending they had no knowledge of Spencer's propensity to bite and denying any ownership interest in the dog, both Local and National moved for summary judgment. The record on appeal does not show that defendants Steinke or Sain filed motions for summary judgment, and the motions filed by National and Local do not seek

summary judgment on their behalf.

After summary judgment was granted to all defendants, including Steinke and Sain, Oertel filed this appeal. He contends the trial court erred by granting summary judgment to Local because Steinke pled guilty on behalf of Local to having a dog at large and to having a vicious dog, and also contends the trial court erred by granting summary judgment to National because Local is an agent of National and was acting within the scope of its agency. While we agree with Oertel's first contention, we find no factual support for the second and, therefore, must reverse in part and affirm in part.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the party opposing the motion should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward that party. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). On appeal, this court conducts a de novo review of the law and the evidence. *Boulware v. Quiktrip Corp.*, 226 Ga. App. 399 (486 SE2d 662) (1997); *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996).

2. The law concerning liability of owners or keepers of vicious or dangerous animals for injuries caused by that animal is codified at OCGA § 51-2-7:

> A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. *In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the animal was at the time of the occurrence not at heel or on a leash. . . .*

(Emphasis supplied.) Because it is alleged that Spencer was running at large in violation of the local ordinance when he bit Oertel, we are not concerned with whether the defendants were otherwise aware of Spencer's alleged vicious propensities. The "one bite rule," if it can be called that any longer, see *Supan v. Griffin*, 238 Ga. App. 404 (519 SE2d 22) (1999), is not implicated in this case.

The portion of OCGA § 51-2-7 emphasized above became effective July 1, 1985. It is not controverted that, at the time he allegedly bit Oertel in March 1995, Spencer was not on the fraternity's premises and was not on a leash.

The clear and unambiguous language of OCGA § 51-2-7 establishes that the vicious propensity of an animal may be proved by showing that the animal was required to be "at heel or on a leash by an ordinance" of the applicable governmental body and that the animal at the time of the occurrence was not at heel or on a leash.

*Fields v. Thompson,* 190 Ga. App. 177 (378 SE2d 390) (1989). Although Oertel did not introduce copies of the particular local ordinances in question, he did present evidence through the deposition of defendant Steinke that Steinke appeared in Atlanta Municipal Court as a representative of the local fraternity after Spencer bit Oertel, and pled guilty to violations of the local ordinances for allowing Spencer to run at large and for maintaining a vicious dog.

This testimony was corroborated by the transcript of the hearing during which Steinke pled guilty as a representative of Local. In addition to Steinke's plea, the transcript also contains the testimony of the animal control officer, who charged Steinke with having a vicious dog and a dog at large. Giving Oertel the benefit of all reasonable doubts and construing the evidence and all inferences and conclusions from the evidence in his favor, we find it reasonable to infer from Steinke's deposition testimony and the transcript of the guilty plea hearing that an ordinance existed that required Spencer to be at heel or on a leash at the time that Spencer bit Oertel. Further, the evidence shows that Spencer was not at heel or on a leash when he bit Oertel. Accordingly, Oertel presented sufficient evidence for a question of fact to exist on the issue of Spencer's vicious propensity.

By presenting evidence that appellee's animal was required to be on a leash by an ordinance of the applicable governmental body and that the animal was not on a leash at the time of the occurrence, appellant has presented sufficient evidence to prove the vicious propensity of appellee's dog under OCGA § 51-2-7. The trial court erred by granting summary judgment in appellee's favor.

*Fields,* supra, 190 Ga. App. at 178.

Although the dissent concludes that Oertel's response to the motion was not adequate because he "failed to provide sufficient evidence that Spencer's owners should have known of his propensity to bite under either statutory or common law standards," that argument fails on two grounds:

First, Oertel had no such burden.

In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by

an ordinance of a city, county, or consolidated government, and the [said] animal was at the time of the occurrence not at heel or on a leash.

OCGA § 51-2-7. If an animal is running at large in violation of a local ordinance when it bites someone, the owner's knowledge of its propensity to bite is immaterial.

By [the language of OCGA § 51-2-7] the General Assembly has abrogated in situations meeting the statutory requirements the prior case law of this court and the Supreme Court requiring proof in all instances that the owner of the animal had knowledge of the animal's vicious propensity.

*Fields*, supra, 190 Ga. App. 177.

Second, contrary to the dissent's assertion, Oertel met his burden as a respondent to a motion for summary judgment. Oertel's burden was only to "point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp.*, 261 Ga. at 491. His obligation was to come forward with evidence raising a material issue of fact, not to prove conclusively the fact that is for the jury to decide. We are satisfied that, based upon the evidence discussed below and the inferences and conclusions to which he is entitled, *Moore*, supra, 187 Ga. App. at 595-596, Oertel has satisfied his burden. Further, courts should treat the nonmovant's response " 'with considerable indulgence.' " (Citations omitted.) *Haire v. City of Macon*, 200 Ga. App. 744, 746 (409 SE2d 670) (1991).

The record shows that Oertel's response to the motion for summary judgment relied upon the "dog at large" part of OCGA § 51-2-7 and used Steinke's and Sain's deposition testimony, as well as the transcript of the municipal court hearing, as evidentiary support for his argument. The defendants did not raise the objections now raised by the dissent. Instead, the defendants ignored the "dog at large" part of OCGA § 51-2-7, and continued to base their defense on the "one bite theory."

Because of the dissent's allegation regarding the inadequacy of Oertel's response, it is important to understand the nature of the evidence showing the violation of the local ordinance. Therefore, the testimony on this issue is set out below:

Steinke's deposition shows he was asked the following:

Q: How many times did you as an individual appear in court for a dog at large charge?

A: I believe it was five times.

Q: Do you recall what the violations were beginning with the

first through fifth that the animal control had cited you for?

A: To my knowledge, they were all dog at large which after asking questions it was just a dog not on a leash.

Q: When you went to court for the five times or approximately five times, you were there representing the fraternity. You weren't there as an individual, were you?

A: Correct.

Q: Those five times you said — or did you, let me ask you that — yes, you were guilty of a dog at large and will pay the fine?

A: Correct.

Q: On June 13th, 1995, do you recall pleading guilty to having a vicious dog and the dog at large?

A: I do.

Mr. Sain's deposition testimony shows the following:

Q: Do you recall on how many occasions your fraternity has been cited by law because of Spencer?

A: Cited by law, for the time I was there I would guess it's probably been about three. There probably have been about three fines or four fines paid for dog at large.

The transcript of the municipal court proceedings at which Steinke pled guilty to having a vicious animal and dog at large shows the court asked:

[H]ow do you plead to vicious animal and dog at large? Are you guilty or not guilty?

Mr. Steinke: Guilty.

The animal control officer who investigated this incident testified that Oertel told her:

He was attacked by Spencer the golden retriever. The dog was loose and unattended at the time of the incident and he was bit on the leg. . . . [Steinke] came to animal control and was issued citations for vicious animal and dog at large.

At the conclusion of this hearing Steinke stated, "I have a check from the fraternity to cover the amount. It's technically not my dog, I'm just a liaison who came down to take care of the situation."

The only reasonable inferences that can be drawn from this tes-

timony is that a local ordinance exists which prohibited Spencer from running at large while not on a leash and that when Spencer bit Oertel, Spencer was running loose in violation of the ordinance. With this testimony, Oertel was not required to prove the contents of the local ordinance as if he were at trial. See *Tassen v. Waffle House*, 221 Ga. App. 755, 756-757 (472 SE2d 545) (1996) (finding jury issue regarding violation "of an applicable building code" in case where expert witness averred that steps "were in violation of the building code").

Further, the authority the dissent relies upon, *Dudley v. State*, 161 Ga. App. 310, 311 (1) (287 SE2d 763) (1982), is a probation revocation case in which it was asserted that Dudley's probation should be revoked because he violated a local ordinance. Obviously, the State had the burden of proving the local ordinance at the revocation hearing, and Oertel will have the same burden when this case is tried. The dissent cites no cases, however, imposing upon plaintiffs responding to motions for summary judgment the heavy burden the dissent would impose on Oertel.

3. Under our law, liability for the actions of vicious animals is imposed, in appropriate circumstances, upon the owners and keepers of the animals. OCGA § 51-2-7. Here, there is no evidence that Chi Psi National ever owned or kept Spencer. To the contrary, a representative of the national fraternity testified by affidavit that National did not own, keep, or control Spencer and that National had nothing to do with Spencer or with Spencer's stay at the local chapter. As this evidence was unrebutted, the trial court did not err by granting summary judgment to National. A grant of summary judgment will be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993).

4. The same cannot be said, however, on behalf of Local and the individual defendants. There is no question that Spencer was owned or kept by the fraternity. Spencer's photograph appears in the local chapter's composite photograph among the members of the fraternity with the title "mascot," he lived at the fraternity house, the fraternity paid for Spencer's "shots and stuff," and the fraternity sent a representative to pay his fines on the several, perhaps five, other occasions that he was fined for running at large.

As neither of the individual defendants moved for summary judgment and the trial court failed to ensure that Oertel was "given full and fair notice and opportunity to respond prior to entry of summary judgment" in their favor (*Hodge v. Sada Enterprises*, 217 Ga. App. 688, 690 (458 SE2d 876) (1995)), we must reverse the grant of summary judgment to Steinke and Sain. We express no opinion, however, whether they should be held liable under OCGA § 51-2-7, either individually or as agents of the fraternity.

Based upon the evidence discussed above, we find the trial court erred by granting summary judgment to the local fraternity and the individual defendants. *Tutak v. Fairley*, 198 Ga. App. 307, 308 (401 SE2d 73) (1991).

*Judgment affirmed in part and reversed in part. Johnson, C. J., McMurray, P. J., and Ellington, J., concur. Andrews, P. J., Blackburn, P. J., and Ruffin, J., dissent.*

BLACKBURN, Presiding Judge, dissenting.

As Oertel failed to provide sufficient evidence that Spencer's owners should have known of his propensity to bite under either statutory or common law standards, I respectfully dissent from the opinion of the majority.

In reaching its decision, the majority relies on OCGA § 51-2-7, which provides:

> A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash.

In making this presumption of viciousness available to a plaintiff, this Code section varies greatly from Georgia's long history of common law which requires a plaintiff to make the much more difficult showing that (1) the dog had the propensity to do the act which caused the injury and (2) the owner had knowledge of that propensity. See *Hamilton v. Walker*, 235 Ga. App. 635 (510 SE2d 120) (1998). Like other statutes which are in derogation of common law, OCGA § 51-2-7 must be strictly construed and limited to its explicit terms. See, e.g., *Payne v. Kanes*, 234 Ga. App. 524, 527 (1) (507 SE2d 266) (1998).

To raise the presumption of Spencer's viciousness under OCGA § 51-2-7, Oertel had to prove the existence of an ordinance requiring Spencer to be at heel or on a leash, as specifically contemplated by that statute. *Evans-Watson v. Reese*, 188 Ga. App. 292, 294 (372 SE2d 675) (1988) (DeKalb County ordinance too broad to be type of ordinance contemplated by OCGA § 51-2-7). However, the record is devoid of the substantive provisions of the ordinance Oertel claims was violated. Without providing this Court with an admissible copy of the ordinance, Oertel has failed to make the requisite showing to

trigger the statutory presumption of viciousness. "In the absence in evidence of a properly admissible copy of the ordinance involved, neither the trial court nor this court may take judicial notice of the existence of a local ordinance." *Dudley v. State*, 161 Ga. App. 310, 311 (1) (287 SE2d 763) (1982). "[T]he ordinance[ ] must be alleged and proved." *AT&T Wireless PCS v. Leafmore Forest Condominium Assn.*, 235 Ga. App. 319, 323 (3) (509 SE2d 374) (1998). Finally, the ordinance, in this case, must be the type to which OCGA § 51-2-7 speaks. *Reese*, supra. Oertel has made none of these showings of proof.

The fact that the record does contain a transcript of Steinke's guilty plea to a violation of a "dog at large" and "vicious animal" ordinance does not change this result, as this transcript does not include a properly admissible copy of the ordinance involved. Additionally, the guilty plea, itself, cannot be used as an admission to circumvent the mandatory evidentiary requirement to prove the applicable ordinance.[1] The majority supports its position by citing transcripts and depositions at length; however, parole evidence is insufficient to prove a municipal ordinance. *Greenberg v. Rothberg*, 72 Ga. App. 882, 883 (3) (35 SE2d 485) (1945). Moreover, without knowing the content of the laws to which Steinke pled guilty, this Court cannot assume what the substance of Steinke's admissions against interest might be. A properly admissible copy of the ordinance is the only remedy for these evidentiary shortfalls. As such, Oertel's assertion that Steinke admitted that Spencer was a vicious dog must be rejected.

While the standard for summary judgment allows this Court to draw favorable inferences based on the evidence which is present in the record, it does not allow this Court to assume the existence of evidence which is not in the record, whether by inference, supposition, or otherwise. The cited testimony is not sufficient to excuse Oertel's failure to prove the local ordinance on which he relies.

*Tassen v. Waffle House*, 221 Ga. App. 755 (472 SE2d 545) (1996), cited by the majority, does not excuse a respondent to a summary judgment motion from proving the contents of a local ordinance on which his case relies. In *Tassen*, a rainy day slip and fall case, this Court does not address, either explicitly or implicitly, the necessity to prove a local ordinance, and it was not at issue in that case. *Tassen*, therefore, provides no precedential value here.

Oertel had the burden "to point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The law requires proof of the ordinance relied on in addition to its contents. Otherwise, there is no proof that

---

[1] I must also note that there is no testimony reciting the contents of these laws or any reference pointing this Court as to where these laws would be found. In fact, Oertel does not even provide this Court with a citation to the ordinance in his appellate brief.

the ordinance has been violated. Oertel failed to meet this burden, and therefore, as such, he cannot rely on the powerful presumptions of OCGA § 51-2-7.

There is also some evidence in the record that, prior to being bitten, Oertel slapped his foot against the ground in an attempt to frighten away Spencer. This testimony could support an inference that Oertel provoked the attack, thereby preventing his use of the viciousness presumption of OCGA § 51-2-7. However, as the nonmovant for summary judgment purposes, Oertel has the right to have the facts viewed in his favor, and, as such, his attempt to frighten Spencer, standing alone, would not support the grant of summary judgment against him.

Nevertheless, because the city ordinance which Oertel claims Spencer's owners violated was not proven, Oertel's claims may survive summary judgment only if the evidence shows, pursuant to common law, that (1) Spencer had the propensity to bite and (2) his owners had knowledge of that propensity. *Hamilton*, supra. The record shows, however, that Spencer had never bitten anyone before, and the defendants had no knowledge of any such propensity. As such, the trial court appropriately granted summary judgment to the defendants. *Hamilton*, supra.

I am authorized to state that Presiding Judge Andrews and Judge Ruffin join in this dissent.

DECIDED JULY 16, 1999.

*John H. Ridley, Jr.*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Brian J. Amero, Hawkins & Parnell, Anita W. Thomas*, for appellees.