## A99A1765. CLARK et al. v. JOINER.

(530 SE2d 45)

ANDREWS, Presiding Judge.

We granted Thomas and Beverly Clark's application for interlocutory review after the trial court denied their motion for summary judgment on John Joiner's claim for damages from a dog bite. Because there is no evidence that the dog had ever bitten anyone before or that the Clarks knew that the dog had any propensity to bite someone, we reverse.

This case arose when Joiner went to the Clarks' house to sell them insurance. Joiner had gotten out of his car and was walking to the house when the Clarks' two dogs ran toward him. Joiner said the dogs did not act hostile but ran at him as if they wanted to play. When he put his hand out to keep them from jumping on him, one of the dogs, Bud, a mixed-breed 12-year-old male, grabbed his hand and bit it. After Joiner got his hand loose, the dog jumped up and bit him in the side.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592, 593 (472 SE2d 140) (1996).

OCGA § 51-2-7 provides, in pertinent part:

A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person[,] who does not provoke the injury by his own act[,] may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city,

county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash.

In order to support an action for damages under this statute, it must be shown that the dog was vicious or dangerous and that the owner knew it. *Rowlette v. Paul*, 219 Ga. App. 597 (466 SE2d 37) (1995). The dog's nature and the owner's knowledge are two separate issues, and proof of both is necessary for recovery. *Durham v. Mooney*, 234 Ga. App. 772 (507 SE2d 877) (1998).

1. The Clarks had not violated any city or county ordinance. The county ordinance at issue here provides as follows:

Animals within the County of Camden shall be adequately confined by a fence, leash or other appropriate measure, to the premises of the owner or custodian at all times. The animal shall not be permitted to leave those premises unless leashed and accompanied by the owner or custodian, and shall not be permitted to run loose on the property of others, nor on streets, alleys, beaches, parks, picnic areas, recreation areas, and/or other public sites at any time.

"Confined" is defined in the ordinance as "[r]estricted by a fence or leash to the premises of the owner or custodian at all times *or merely on the property of the owner or custodian* whereby the animal shall not be permitted to leave those premises unless leashed and accompanied by the owner or custodian. . . ." (Emphasis supplied.) As the dog was on the property of the owner when the bites occurred, there was no violation of any city or county ordinance.

2. There is also no evidence that the Clarks knew that the dog was vicious or dangerous. Both of the Clarks testified that Bud had never bitten anyone before, and there is no evidence in the record of a previous bite. Joiner claims, however, that the Clarks were on notice because Bud acted aggressively toward an animal control officer who had previously tried to remove a hurt, stray dog in heat from underneath the Clarks' porch.[1] Manning, the animal control officer, testified that Bud never growled or barked at her but "just exhibited a very protective, aggressive posture." The Clarks were not at home at the time of this incident and therefore were unaware of any problem. Clark testified at his deposition that Manning told him "that the dog didn't act like he wanted to let her catch the old stray dog. . . ."

Georgia has traditionally adhered to the "first bite" rule in deciding whether a dog owner has knowledge that his dog has the propensity to bite someone. *Hamilton v. Walker*, 235 Ga. App. 635 (510 SE2d

---

[1] The dog with Bud at the time he bit Joiner was a female that was in heat at the time.

120) (1998). There have, however, been some recent cases which look at whether the owner had "prior knowledge of his dogs' tendency to attack humans" and "superior knowledge of his dog's temperament." *Supan v. Griffin*, 238 Ga. App. 404, 406 (519 SE2d 22) (1999).

Here, Joiner has introduced no evidence that this dog had ever bitten anyone before and also has introduced no evidence that the dog had a tendency to attack humans or that the Clarks had any knowledge about the dog's temperament that would have put them on notice that the dog would bite someone. The evidence in the record, as described above, shows nothing that would put the Clarks on notice of their dog's vicious propensity. Therefore, the trial court erred in denying the Clarks' motion for summary judgment on Joiner's claim.

*Judgment reversed. Ellington, J., concurs. Ruffin, J., concurs specially.*

RUFFIN, Judge, concurring specially.

I concur specially to address the continued viability of the "first bite" rule in Georgia. As the majority acknowledges, Georgia has traditionally adhered to the "first bite" rule, which holds dog owners liable for their animal's behavior only if an owner knows that a dog has the " 'propensity to do the particular act (biting) which caused injury to the complaining party.' "[2]

The requirement that a dog owner have prior knowledge of an animal's vicious or dangerous nature is not a statutory one but is derived from common law.[3] And this knowledge requirement has been strictly applied. For example, it has been held that an owner does not have prior knowledge of an animal's vicious or dangerous nature unless the animal has "on a prior occasion, done the *same act* which resulted in the injury comprising the tort action."[4]

When applying the foregoing analysis, a "first bite" is essentially a "free bite." Whatever may have been the wisdom at common law for exalting the rights of a dog owner over a victim of the owner's dog, that time appears to have passed. A dog should have no greater right to a first bite than one has to a first murder. And as between the dog owner and a blameless victim, the owner is almost certainly in the better position to judge the dog's proclivity to bite. Yet, under the "first bite" paradigm, one may be subjected, without recourse, to an animal's first attack, and that animal's owner has little incentive to guard against this potentially deadly event.

---

[2] (Emphasis omitted.) *Hamilton v. Walker*, 235 Ga. App. 635 (510 SE2d 120) (1998); see also *Durham v. Mooney*, 234 Ga. App. 772, 773 (1) (507 SE2d 877) (1998).

[3] *Harvey v. Buchanan*, 121 Ga. 384, 385 (49 SE 281) (1904).

[4] *Hamilton*, supra at 635.

In *Hamilton v. Walker*,[5] this court declined to adopt Senior Appellate Judge Banke's dissent, which urged that the judicially imposed knowledge requirement be dropped in determining liability in animal bite cases. This, Judge Banke reasoned, would "[nullify] the precedential value of authority requiring that the animal previously caused the identical harm."[6] I believe that Judge Banke's reasoning is sound and, if adopted, would harmonize the case law with statutory authority, which has no prior knowledge requirement.[7] Such a move would also eliminate an archaic rule which has often been unjustly applied.

The majority in *Hamilton*, however, chose to retain the common law requirement that tort liability is predicated on proof of an owner's prior knowledge of an animal's proclivity to cause harm. Nevertheless, the authority supporting the "first bite" rule has been eroded through a recent line of cases. This court no longer requires that prior knowledge be established by "the first bite." For example, in *Supan v. Griffin*,[8] although there was no evidence of a prior bite, this court found that a question of prior knowledge of a dog's tendency to attack humans was raised by the statement from the dog owner to a neighbor that the neighbor should "do whatever was necessary . . . to keep the dogs from attacking."[9] We went on to find that "[w]ith proof regarding [the dog owner's] prior knowledge of his dog's vicious tendencies, the true test of liability . . . is [the dog owner's] superior knowledge of his dog's temperament."[10]

Because of these recent developments in the law, I believe that the majority should have expressly disavowed the "first bite" rule, insofar as that rule may require that an animal have previously caused identical harm before its owner can be said to have knowledge of its vicious or dangerous tendencies.[11] However, based upon the current state of the law, I am constrained to concur in the result here. Although there is evidence that the dog bared its teeth and exhibited an aggressive posture toward an animal control officer, the record does not indicate that the incident was described to the Clarks, who were not home at the time, by the animal control officer in such a way as to put the Clarks on notice that the dog was vicious.

---

[5] Supra.

[6] Id. at 637.

[7] OCGA § 51-2-7.

[8] 238 Ga. App. 404 (519 SE2d 22) (1999).

[9] Id. at 406.

[10] Id.

[11] See also *Thurmond v. Saffo*, 238 Ga. App. 687 (520 SE2d 43) (1999) (acknowledging the test is the owner's superior knowledge of his dog's temperament); *Oertel v. Chi Psi Fraternity &c.*, 239 Ga. App. 147 (521 SE2d 71) (1999) (casting doubt on continued validity of "one bite rule").

Joiner points to no other evidence purporting to show the Clarks had prior knowledge of the dog's propensity to attack humans. Therefore, the trial court erred when it denied the Clarks' motion for summary judgment.

DECIDED FEBRUARY 18, 2000.

*Whelchel, Brown, Readdick & Bumgartner, J. Thomas Whelchel*, for appellants.
*Andrew A. Taylor*, for appellee.